# EXHIBIT A

## Mansfield, Jennifer A (JAX - X27297)

| | |
|---|---|
| **From:** | Alex Andrade <aandrade@mhw-law.com> |
| **Sent:** | Friday, September 1, 2017 3:37 PM |
| **To:** | Mansfield, Jennifer A (JAX - X27297) |
| **Cc:** | Harmony Malone |
| **Subject:** | Unverified Interrogatorries |
| **Attachments:** | Unver.Amended Resp to Defendant's First Set of Interrogatories to Plaintiff.pdf |

Jennifer,

I have to leave the office for a family event. Attached are unverified amended responses to your interrogatories. I have not had the opportunity to go over your production concerns with my clients due to scheduling conflicts. What I can say is that I intend to pull the objections that you mentioned in your email from Monday this week. The PDFs of the page titled "Hillbillies Against being Punk'N Drublic" appears to have been shut down by the creators, and we never had control of the page. My clients will work to provide you with a native format version of the one facebook page they controlled, the Punk'N Drublic official page.

I will have a better answer for you on supplementing production early next week.


R. Alex Andrade
Moore, Hill & Westmoreland, P.A.
350 West Cedar Street, Suite 100
Pensacola, Florida 32502
Phone: (850) 434-3541
Fax: (850) 435-7899
www.mhw-law.com

This is a privileged communication protected by the laws of the State of Florida, the United States and the European Union from unauthorized disclosure to anyone except the intended recipient.  If you have received this message in error, please delete it immediately and notify the sender identified above.  Your cooperation in this regard is greatly appreciated.

IN THE CIRCUIT COURT OF THE FIRST
JUDICIAL CIRCUIT, IN AND FOR OKALOOSA
COUNTY, FLORIDA

CASE NO.:  2016 CA 003483 F

SUCKIN' DIESEL INC.,

    Plaintiff,

vs.

CUMULUS MEDIA INC.,

    Defendant.
_____/

# DEFENDANT'S NOTICE OF SERVICE OF
# FIRST SET OF INTERROGATORIES TO PLAINTIFF

    Defendant, Cumulus Media, Inc. ("Cumulus" or "Defendant"), pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby gives notice of service of Defendant's First Set of Interrogatories to Plaintiff, Suckin' Diesel Inc., numbered 1 through 10, by providing the same via Electronic Mail on this 4th day of April, 2017, to:

Robert A. Andrade
MOORE, HILL &WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290 Pensacola,
FL 32591-3290 aandrade@mhw-law.com hmalone@mhw-law.com
*Counsel for Plaintiff*

**HOLLAND & KNIGHT LLP**

 /s/ Jennifer A. Mansfield
Timothy J. Conner, FBN 767580
Jennifer A. Mansfield, FBN 0186724
50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
Telephone:  (904) 353-2000
Facsimile:  (904) 358-1872
Primary: timothy.conner@hklaw.com
Secondary: lynette.mattison@hklaw.com

Primary: Jennifer.mansfield@hklaw.com
Secondary: dawn.hewett@hklaw.com
*Attorneys for Defendant Cumulus Media, Inc.*

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, IN AND FOR OKALOOSA COUNTY, FLORIDA

CASE NO.:  2016 CA 003483 F

SUCKIN' DIESEL INC.,

    Plaintiff,

vs.

CUMULUS MEDIA INC.,

    Defendant.

_____/

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Cumulus Media, Inc. ("Cumulus" or "Defendant"), hereby propounds its First Set of Interrogatories to Plaintiff, Suckin' Diesel Inc., and requests they be answered in writing, under oath, and returned to the undersigned counsel in accordance with Rule 1.340, Florida Rules of Civil Procedure, within thirty (30) days herein.

### INSTRUCTIONS

If you refuse to answer any interrogatory under a claim of privilege or immunity, please identify each interrogatory for which the privilege or immunity is claimed, together with all bases upon which the privilege or immunity is claimed and the person on whose behalf the privilege is asserted.  Where there is inadequate space to respond, attach an addendum and indicate the number and subsection of the interrogatory being answered.

# DEFINITIONS

1.  "DOCUMENT(S)" means the original, duplicate or any copy of all written, digital, printed, typed, recorded, graphic or photographic matter, or sound reproduction, including, but not limited to: All files, books and records, ledgers, cancelled checks, check stubs, invoices, letters, telegrams, internal memoranda, reports, studies, calendars, minutes, pamphlets, notes, charts, tabulations, legal documents, photographs, accounting entries, records of meetings, records of telephone conferences or other communications, tape recordings, microfilms, punch cards, recordings used in data processing and computer tapes and disks together with the written information necessary to understand and use such file and recordings, social media posts, electronic data, and all other data compilations from which the information can be obtained.

2.  The term Documents is further defined to include all notes or notations on such documents and all exhibits or attachments or other materials affixed thereto.

3.  "PERSON(S)" means individuals and all other entities having legal existence, including, but not limited to, corporations, general partnerships, limited partnerships, professional associations, governmental entities or governmental corporations.

4.  "AGREEMENT(S)" means all Agreements, contracts, understandings, or other arrangements between or among two or more Persons regardless of whether written, oral, final, executory, enforceable, superseded, amended or modified by subsequent Agreements.

5.  "RELATING TO" means concerning, pertaining to, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, intending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, demonstrating, describing, analyzing, representing, constituting, or including.

6. "IDENTIFY" when used in reference to an individual Person, means to state his or her full name, last known address, telephone number (if known), and his or her present employment position and business affiliation. When used in reference to a Person, other than an individual, the terms Identify means to state whether such Person is a corporation, partnership, or other organization, and its name, present or last known address, and its principal place of business. Once any Person has been Identified properly, it shall be sufficient thereafter when Identifying the same Person to state the name only.

7. "IDENTIFY" when used in reference to Documents, means to state the date of its execution or if undated, the date it was prepared, the author (or if different, the signatory or signatories), the addresses, the type of Document, or any means of Identifying it with sufficient particularity to meet the requirements for inclusion in a request for Documents pursuant to Rule 1.350, Florida Rules of Civil Procedure. If any such Documents were, but are no longer in Your possession or subject to Your control, state what disposition was made of it and the reason for its disposition.

8. "PLAINTIFF" means Suckin' Diesel Inc., as identified in Plaintiff's Complaint, filed in the above-styled case.

9. "YOU" or "YOURS" means the Plaintiff, Suckin' Diesel Inc, and, where appropriate, its agents, employees and/or representatives.

10. "COMPLAINT" means the operative Complaint filed by Plaintiff in the abovestyled action; however, it also means any further amended version pending at the time Defendant Cumulus Media Inc.'s First Set of Interrogatories and First Request for Production of Documents are responded to.

11. "AND"/"OR" shall be construed conjunctively and disjunctively in each production request in order to request the broadest scope of information possible.

3

#50117518_v1

# INTERROGATORIES

1. Identify all Persons who participated in providing the answers to these interrogatories. As to any such Person, Identify the interrogatory or interrogatories for which such assistance was provided.

**ANSWER: Chris Beckman and Katherine Beckman**

2. Identify all Persons, either believed or known by You, Your agents, or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which each Person has knowledge.

**ANSWER:**

**Marcus Degagne, Patron and hired entertainment. Helped to discover the 99 Rock statements made by them on their Facebook page and heard the unauthorized advertisement multiple times personally and outrage from the public.**

**Jaquelyn Maggelet, Patron and parent to Marcus. Witness to customer outrage over unauthorized advertisement**

**Henry Smith, Patron and entertainment. Witnessed from patrons the outrage over unauthorized advertisement**

**Karen Wetherington, Restaurant Manager, witnessed former customer complaints and witnessed complaints and bashing on Facebook regarding unauthorized advertisement (see Karen W. File)**

**Jay Guiao, Restaurant Server, heard unauthorized commercial and witnessed many former customer complaints and witnessed complaints on Facebook**

**Sara Gunsch, Lead Bartender, witnessed customers complaining regarding unauthorized advertisement and saw drastic decline in clientele**

**Blake Stapleton, Patron and Social Media Assistant, helped to operate Facebook Page and witnessed firsthand the outrage via social media. Witnessed 99 rocks Facebook posts and heard the unauthorized commercial**

**Debbi Dunno, Restaurant Patron, witnessed clientele complaints regarding unauthorized commercial**

**William and Laura Avery, Owners of Fokkers Pub, Witnessed community outcry over unauthorized advertisement from patrons in their establishment**

3. For each and every Request for Admissions, served simultaneously with these interrogatories, that You deny, please explain with particularity the reasons for Your denial.

4

**ANSWER: Plaintiffs were unable to find a page labelled "Standard Terms and Conditions" to confirm its inclusion in the contract consideration. The contract between the parties consisted of invoices, email directions, verbal communications and order forms, and therefore, Defendant's second request for admission must be denied.**

4. Please Identify any expert You intend to call as a witness for trial in this action, and for each such Person state:

   a. His/Her profession or occupation, and the subject matter about which they are expected to testify;

   b. The title, subject matter, publisher, and the date of publication of any books, papers, or articles authored by him/her within the last ten years on the subjects in his/her field;

   c. A list of all of their cases in which, during the previous four years, the witness testified as an expert or treating physician at trial or by deposition;

   d. A statement of any compensation to be paid to the witness;

   e. Any other qualifications which you contend provides a foundation for the witness to testify with respect to the subject matter of their testimony; and

   f. A description of any exhibits that will be used to summarize or support the witness's testimony.

**ANSWER: Plaintiffs are currently unaware of any expert they intend to call as a witness.**

5. Please describe with particularity the exact words You claim to have been false and defamatory, how they were published by Defendant, when they were published, and who published them.

**ANSWER: Plaintiff was not a firsthand witness to the comments made by 99 Rock. Plaintiff was informed by the general public that 99 Rock referred to former customers as "hillbillies" and "smokers," and stated they were not welcome at Punk 'n Drublic. Plaintiff's 99 Rock representative, Melissa Allegretto, claimed that the statements were made "off the cuff" by a DJ on one occasion, not specifying when, and that it would not happen again. Plaintiff discovered through witnesses that the statements were recorded and that 99 Rock continued airing the statements on multiple occasions prior to the restaurant opening.**

6. Please Identify each term, in the Contract alleged to exist in paragraph 19 of the Complaint, which You claim Defendant breached and describe with particularity the facts about how the term(s) were breached.

5

#50117518_v1

**ANSWER: The parties entered in an agreement to air approved radio ads with specific language. 99Rock aired additional, unapproved language.**

7. Please describe with particularity the facts for each Count relating to any allegations that Defendant acted with negligence or gross negligence, including but not limited to:
   a. any alleged legal duty Defendant owed Plaintiff and how that duty arose;
   b. the standard of care imposed by each legal duty;
   c. the specific facts about how Defendant allegedly did not conform to the standard of care required by each legal duty; and
   d. the specific facts relating to how Defendant's actions caused injury or damages to Plaintiff.

**ANSWER: Defendant contracted with Plaintiff to perform radio advertisements, promote what is colloquially deemed a live on-site broadcast, perform a live on-site broadcast and post at least once on Defendant's Facebook page promoting Plaintiff's restaurant.**

**Defendant, in performing under the contract, represented that it was speaking on behalf of Plaintiff. Outside of what Defendant was contracted to provide, Defendant made comments regarding the previous clientele of the former restaurant at Punk 'N Drublic's location, and subsequently made defamatory statements on the Facebook page it controls regarding Plaintiff.**

**Defendant owed a duty to clarify when it was speaking on its own behalf, and when it was speaking on behalf of Plaintiff, and Defendant owed a duty to confirm facts it alleged prior to disseminating same.**

**Defendant's employees engaged in private messaging as representatives of 99 Rock with members of the community and made false statements regarding Plaintiff that harmed Plaintiff's reputation.**

**Defendant owed a duty to properly train its employees regarding statements made about clients.**

**Defendant did not maintain a policy regarding the use of social media and representations made by its employees at the time the defamatory statements were made.**

**Defendant did not confirm with Plaintiff prior to repeatedly airing promotional statements on behalf of Plaintiff that were offensive to the local community.**

8. Please describe and itemize with particularity all damages You claim to have suffered and are seeking for each Count in Your Complaint, including but not limited to all attorney's fees, costs, fines, fees, or penalties which you claim in this lawsuit, and with respect to each Count, please:

   a. State how You calculated each particular component of damages;

6

  b.  Identify all Documents which reflect, support, and/or establish that component of damages;

  c.  Identify all Persons who have knowledge relating to that component of damages, and the basis for their knowledge;

  d.  Identify all statutory provisions, if any, upon which your claim of damages are based; and

  e.  State the total amount of damages sought for each Count and the Complaint as a whole, exclusive of interest and costs.

**ANSWER: See production provided in response to Defendant's First Request for Production. Plaintiffs have produced all lines of credit and loan documents related to opening the restaurant known as Punk'N Drublic.**

9. Have You, Katherine Beckman, or Christopher Beckman been a party to any lawsuit in the last ten (10) years?  If yes, please provide the style, case number, and court for each lawsuit.

 **ANSWER: Objection as to relevance. Neither Plaintiff has been arrested for a felony or crime of dishonesty.**

10. Has anyone other than Defendant paid, in whole or in part, for Your claims in this lawsuit?  If so, please Identify all such payers, the amounts paid, and to whom payment was made.

 **ANSWER: No**

## VERIFICATION

I hereby swear or affirm that I have reviewed the above answers to Defendant's First Set of Interrogatories and they are true and correct.

                _____
                Suckin' Diesel, Inc.
                By: _____

                (Title)_____

STATE OF FLORIDA

COUNTY OF _____

#50117518_v1

 Before me the undersigned authority, on this _____ day of _____ 2017, personally appeared _____, who is personally known to me/who has produced _____ as identification, to be the person who has read the foregoing answers to interrogatories, knows the contents of and that the same are true and correct; and acknowledged to and before me that he/she executed said answers freely and voluntarily in the capacity and for the purposes set forth and did take an oath.

 

 

_____
Notary Public
State of Florida at Large
My Commission Number/Expiration Date

## Mansfield, Jennifer A (JAX - X27297)

| | |
|---|---|
| **From:** | Mansfield, Jennifer A (JAX - X27297) |
| **Sent:** | Friday, September 1, 2017 12:26 PM |
| **To:** | 'Alex Andrade' |
| **Cc:** | Harmony Malone; Conner, Timothy J (JAX - X27362) |
| **Subject:** | RE: Suckin' Diesel, Inc. v. Cumulus Media, Inc. - Discovery Responses |

**FilingDate:** 9/1/2017 12:26:00 PM

Thank you.

Jennifer

**Jennifer A. Mansfield** | **Holland & Knight**
Partner
Holland & Knight LLP
50 North Laura Street, Suite 3900 | Jacksonville FL 32202
Phone 904.798.7297 | Fax 904.358.1872
jennifer.mansfield@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Alex Andrade [mailto:aandrade@mhw-law.com]
**Sent:** Friday, September 1, 2017 12:15 PM
**To:** Mansfield, Jennifer A (JAX - X27297) <Jennifer.Mansfield@hklaw.com>
**Cc:** Harmony Malone <hmalone@mhw-law.com>; Conner, Timothy J (JAX - X27362) <Timothy.Conner@hklaw.com>
**Subject:** RE: Suckin' Diesel, Inc. v. Cumulus Media, Inc. - Discovery Responses

Jennifer,

You asked us to get you responses this week. That is my intent. You will, at the very least, be getting an unverified amended response to you interrogatories today, and amended responses to you RFP.


R. Alex Andrade
Moore, Hill & Westmoreland, P.A.
350 West Cedar Street, Suite 100
Pensacola, Florida 32502
Phone: (850) 434-3541
Fax: (850) 435-7899
www.mhw-law.com

This is a privileged communication protected by the laws of the State of Florida, the United States and the European Union from unauthorized disclosure to anyone except the intended recipient.  If you have received this message in error, please delete it immediately and notify the sender identified above.  Your cooperation in this regard is greatly appreciated.

**From:** Jennifer.Mansfield@hklaw.com [mailto:Jennifer.Mansfield@hklaw.com]
**Sent:** Friday, September 01, 2017 11:13 AM
**To:** Alex Andrade
**Cc:** Harmony Malone; Timothy.Conner@hklaw.com
**Subject:** RE: Suckin' Diesel, Inc. v. Cumulus Media, Inc. - Discovery Responses

Alex,

I haven't heard anything further about the outstanding discovery.  Will your client be supplementing its interrogatory answers?  Will your client be providing an explanation of what documents go with which production request?

By way of further example, some of the documents your client produced include loan documents, such as the attached note and loan statements.  Are these documents merely part of your client's business records, or are they intended to be part of your client's claimed damages?  The answer is no discernable from the documents or interrogatory answers.

We will be filing a motion to compel if we don't get a satisfactory response on these items.  Your client, as plaintiff, has an obligation to provide discovery about what the theories of recovery are and what the claimed damages are.  Failure to provide such discovery would be a basis to have all claims dismissed, and we will seek such relief if your client's failure to provide this discovery persists.

Yours truly,

Jennifer

**Jennifer A. Mansfield** | **Holland & Knight**
Partner
Holland & Knight LLP
50 North Laura Street, Suite 3900 | Jacksonville FL 32202
Phone 904.798.7297 | Fax 904.358.1872
jennifer.mansfield@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Mansfield, Jennifer A (JAX - X27297)
**Sent:** Monday, August 28, 2017 11:51 AM
**To:** 'Alex Andrade' <aandrade@mhw-law.com>
**Cc:** Harmony Malone <hmalone@mhw-law.com>; Conner, Timothy J (JAX - X27362) <Timothy.Conner@hklaw.com>
**Subject:** RE: Suckin' Diesel, Inc. v. Cumulus Media, Inc. - Discovery Responses

Alex,

The only thing in the June 5th letter you addressed was sending some documents to me.  All other issues identified in the letter remain.

In fact, now that I have the documents you produced, there are still significant gaps:
- First, you do not identify which requests for production the documents purportedly respond to, and most appear to be completely unrelated to the allegations of this case.  So, Bates numbering your documents and identifying them by category is needed. (We know that most of the documents produced were not produced as they were kept, because you produced PDFs.)  If you refuse to do that, then please respond by providing the documents in native format, as requested in our RFP.

- Your client has failed to identify the allegedly defamatory statements, so please provide all documents where such statements are identified.
- Your client has not produced the contract at issue.
- Your client objects to request #9 as irrelevant, but that is not a valid objection.  Please produce the documents.
- Your client still has not produced any demand for retraction or clarification that your client purportedly would have sent to Defendant.  Please produce the document(s).
- You said you would produce documents in response to request #13, but no documents were produced.  Please produce the document(s) or respond accurately about whether such documents exist.
- Plaintiff has not produced any documents in response to request #14, except one-side entries of debits to some of its bank accounts.  No documents were produced which show credits, and no ledger has been produced.  The request seeks the entire financial ledger, whether in hard-copy or accounting software.  This is key to any damages sought by Plaintiff and if no such discovery is produced it will severely prejudice my client's ability to defend itself in this lawsuit.  Accordingly, if no such documents are produced we would have ground to dismiss plaintiff's case on that basis.

Please provided amended discovery responses this week.

Regarding your request to amend the complaint, I will address that in a separate email once we've had a chance to review the proposed amended complaint.  Please forward it to me.

Yours truly,
Jennifer

**Jennifer A. Mansfield | Holland & Knight**
Partner
Holland & Knight LLP
50 North Laura Street, Suite 3900 | Jacksonville FL 32202
Phone 904.798.7297 | Fax 904.358.1872
jennifer.mansfield@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Alex Andrade [mailto:aandrade@mhw-law.com]
**Sent:** Monday, August 28, 2017 11:26 AM
**To:** Mansfield, Jennifer A (JAX - X27297) <Jennifer.Mansfield@hklaw.com>
**Cc:** Harmony Malone <hmalone@mhw-law.com>; Conner, Timothy J (JAX - X27362) <Timothy.Conner@hklaw.com>
**Subject:** RE: Suckin' Diesel, Inc. v. Cumulus Media, Inc. - Discovery Responses

Jennifer,

I'm happy to get you what you need. Regarding your June 5 correspondence, several of the items you mentioned have been addressed. To assist me in complying with your demand below, please confirm that you are only seeking clarification on interrogatory number 7 and some form of calculation regarding interrogatory number 8.

Have you given any thought to whether I need to schedule a hearing on my motion to amend the complaint?

R. Alex Andrade
Moore, Hill & Westmoreland, P.A.
350 West Cedar Street, Suite 100
Pensacola, Florida 32502
Phone: (850) 434-3541

Fax: (850) 435-7899

www.mhw-law.com

This is a privileged communication protected by the laws of the State of Florida, the United States and the European Union from unauthorized disclosure to anyone except the intended recipient.  If you have received this message in error, please delete it immediately and notify the sender identified above.  Your cooperation in this regard is greatly appreciated.

---

**From:** Jennifer.Mansfield@hklaw.com [mailto:Jennifer.Mansfield@hklaw.com]
**Sent:** Monday, August 28, 2017 10:12 AM
**To:** Alex Andrade
**Cc:** Harmony Malone; Timothy.Conner@hklaw.com
**Subject:** RE: Suckin' Diesel, Inc. v. Cumulus Media, Inc. - Discovery Responses

Alex,

You never responded to my letter of June 5, 2017, seeking adequate answers to interrogatories.  Your client has refused to answer even basic questions about what legal theories it is pursuing, or even the amount of damages it is demanding.

Please provide updated interrogatory answers by the end of this week, or we will file a motion to compel.

Yours truly,
Jennifer

**Jennifer A. Mansfield** | **Holland & Knight**
Partner
Holland & Knight LLP
50 North Laura Street, Suite 3900 | Jacksonville FL 32202
Phone 904.798.7297 | Fax 904.358.1872
jennifer.mansfield@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Hewett, Dawn S (JAX - X25443)
**Sent:** Friday, June 2, 2017 4:24 PM
**To:** aandrade@mhw-law.com
**Cc:** Mansfield, Jennifer A (JAX - X27297) <Jennifer.Mansfield@hklaw.com>
**Subject:** Suckin' Diesel, Inc. v. Cumulus Media, Inc. - Discovery Responses

Please see the attached correspondence.  Thank you.

**Dawn Hewett** | **Holland & Knight**
Sr Legal Secretary to:
Terrence J. Russell, Esq. | Jennifer Mansfield, Esq.
Lindsay Dennis Swiger, Esq. | Jennifer L. Kifer, Esq.
50 North Laura Street, Suite 3900 | Jacksonville, FL 32202
Phone 904.798.5443 | Fax 904.358.1872
dawn.hewett@hklaw.com | www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# Holland & Knight

50 North Laura Street, Suite 3900 | Jacksonville, FL 32202 | T 904.353.2000 | F 904.358.1872
Holland & Knight LLP | www.hklaw.com

Jennifer A. Mansfield
(904) 798-7297
jennifer.mansfield@hklaw.com

June 2, 2017

*Via Electronic Mail*
*(aandrade@mhw-law.com)*

Robert A. Andrade
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290

      Re:    Suckin' Diesel, Inc. v. Cumulus Media, Inc.
               Discovery Responses

Dear Mr. Andrade,

      Thank you for the discovery responses you filed on May 4, 2017. I write to follow up on the responses and to attempt to resolve any dispute and avoid motion practice before the court.

      With regard to interrogatory number 7, you objected on the basis that the interrogatory "calls for a legal conclusion, is overly broad and burdensome, and requests information that is privileged." A party cannot avoid answering an interrogatory merely because it calls for a legal conclusion. To the contrary, Defendant is entitled to understand Plaintiff's theory of his case in all respects. Cumulus Media is entitled to know all facts relating to any allegations that it breached any legal duty owed to Plaintiff and how that duty arose, the standard of care that Plaintiff asserts should have been maintained under that legal duty, and any facts about how Defendant allegedly did not conform to the standard of care that Plaintiff's insist it should have abided by. Of course, it cannot be disputed that the Defendant is entitled to any facts relating to injury or damages allegedly caused Plaintiff. Because Plaintiff has the burden of establishing for its tort claims that Cumulus Media owed Plaintiff a legal duty beyond that imposed by the alleged contract, it is incumbent on Plaintiff to provide in discovery information regarding Plaintiff's theory and facts supporting each Count. Please provide an amended interrogatory answer that answers the question posed.

      With regard to interrogatory number 8, the interrogatory answer did not include any calculation of damages, but rather referred to documents provided in response to Defendant's First Request for Production. It is doubtful that reference to any existing document would be responsive

Robert A. Andrade
June 2, 2017
Page 2

to the question about how damages are calculated, and thus we ask that an amended or supplemental interrogatory answer be provided for this question too.

Additionally, even if interrogatory 8 could be answered by reference to existing documents, no documents have been provided to date. Although Plaintiff agreed to produce all the documents requested, Plaintiff has not provided any documents as promised in Plaintiff's response to the Request for Production. Please forward the responsive documents to the Request for Production as soon as possible. Electronic copies are fine. Please note that the production of the documents includes electronic or other types of records of the statements that you indicated Plaintiff has, specifically in the answer to interrogatory number 5, regarding recordings of the allegedly defamatory statements.

Yours truly,

HOLLAND & KNIGHT LLP

Jennifer A. Mansfield

JAM/dsh

#51670839_v1