# EXHIBIT C

Comprehensive Case Information System



## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.

               Plaintiff,

vs.                                       Case No.: **2016 CA 003483 F**

CUMULUS MEDIA INC.

               Defendant.

_____/

## COMPLAINT

Suckin' Diesel Inc. ("SDI"), by and through undersigned counsel, hereby sues Cumulus Media ("Cumulus") and in support states:

1.      This is a complaint for damages in excess of $15,000.

2.      SDI is a Florida Profit Corporation registered to do business in the state of Florida.

3.      Cumulus is a Foreign Profit Corporation, registered to do business in the state of Florida.

4.      Venue is proper because the acts committed and transacted occurred in Okaloosa County.

5.      On April 1, 2015, SDI as the owner of a new restaurant called Punk 'N Drublic, entered into a contract with Cumulus to air radio advertisements for its opening on Cumulus' radio station, 99 Rock WKSM. **EXHIBIT A**.

6.      The advertisements were planned and approved by the parties before airing.

7.      Each advertisement consisted of a 15 second spot regarding the opening of Punk 'N Drublic as a restaurant.

8.      The only reference made to the previous establishment in Punk 'N Drublic's location, a restaurant known as Attitudes, was as a reference to Punk 'N Drublic's location.

9.      Without SDI's knowledge, Cumulus' radio hosts added commentary regarding the desired clientele of Punk 'N Drublic.

10.     Cumulus' radio hosts, without approval from SDI, made commentary calling the clientele of Attitudes hillbillies and indicating those who smoked cigarettes were no longer welcome.

11.     The radio hosts' extemporaneous commentary resulted in many residents taking offense.

12.     The radio commentary was so inflammatory as to motivate local residents to create a Facebook entitled "Hillbillies against being Punk in Drublic."

13.     The commentary on the Facebook page revolved around the offense taken by residents at being derided as hillbillies.

14.     Punk 'N Drublic, as a restaurant located within a specific community, relied upon the radio advertisements it purchased and word of mouth to establish its reputation in the community.

15.     As a result of the negative reaction to the extemporaneous commentary by Cumulus' radio hosts, Punk 'N Drublic suffered unrecoverable damage to its reputation.

16.     In an attempt to resolve the uproar created by Cumulus' radio hosts, SDI requested Cumulus issue a retraction.

17.     Despite the demands for a retraction and to cease the extemporaneous commentary, managers of the verified Facebook page for 99 Rock WKSM engaged in conversations with residents on behalf of the station indicating that SDI requested the commentary regarding hillbillies and smokers.

## COUNT I - BREACH OF CONTRACT

18.     SDI realleges and incorporates paragraphs 1 – 17 as if fully set forth herein.

19.     A contract for the sale of radio advertising was entered into on April 1, 2013.

20.     Cumulus breached its contract with SDI when it failed to air the content in the manner described and approved by SDI.

21.     As a result of Cumulus' breach, SDI has suffered damages.

WHEREFORE, Suckin Diesel Inc. respectfully requests this Court enter judgment against Cumulus Media Inc. and award damages and any such other and further relief this Court deems appropriate, including attorney's fees and costs if applicable.

## COUNT II - NEGLIGENCE

22.     SDI realleges and incorporates paragraphs 1 – 17 as if fully set forth herein.

23.     By accepting payment to air advertising on behalf of SDI, Cumulus undertook a duty to engage in conduct that would not harm SDI's reputation.

24.     Cumulus breached that duty by communicating on behalf of SDI in a manner that would reasonably lead to potential customers of SDI taking offense.

25.     As a direct result of Cumulus' negligent conduct in insulting potential customers, SDI lost customers and significant good will among local residents.

26.     Cumulus knew or should have known that comments insulting potential customers would cause SDI damage.

27.     Because of the loss of good will related to the comments made by Cumulus, SDI suffered damage.

WHEREFORE, Suckin Diesel Inc. respectfully requests this Court enter judgment against Cumulus Media Inc. and award damages and any such other and further relief this Court deems appropriate. Suckin Diesel Inc. expressly reserves the right to demand punitive damages if such damages become applicable.

## COUNT III – GROSS NEGLIGENCE

28.     SDI realleges and incorporates paragraphs 1 – 17 as if fully set forth herein.

29.     By continuing to state that SDI did not welcome hillbillies and smokers at its establishment despite learning of the negative reaction to the statements, Cumulus committed gross negligence.

30.     Cumulus took on a duty to represent SDI's intent when it contracted to air advertisements for the opening of Punk 'N Drublic. They then allowed their radio hosts to comment on Punk 'N Drublic in a manner suggesting they were engaged as a spokesperson for Punk 'N Drublic.

31.     Cumulus breached its duty to act in a manner that would not harm the good will of Punk 'N Drublic when it allowed its employees to insult the clientele of the precious restaurant at that location, Attitudes, and it spoke disparagingly about individuals who smoke.

32.     Insulting the local community and the clientele of Attitudes constituted a clear, imminent danger to the good will of Punk 'N Drublic.

33.     Cumulus knew of the imminent danger to Punk 'N Drublic's good will.

34.     Despite such knowledge, Cumulus allowed its employees to continue making derogatory comments about the clientele of Attitudes and about the community.

35.     As a direct and proximate result of Cumulus' actions, SDI suffered damages in the form of unrecoverable good will from members of the community.

WHEREFORE, Suckin Diesel Inc. respectfully requests this Court enter judgment against Cumulus Media Inc. and award damages and any such other and further relief this Court deems appropriate. Suckin Diesel Inc. expressly reserves the right to demand punitive damages if such damages become applicable.

## COUNT IV - DEFAMATION

36.     SDI realleges and incorporates paragraphs 1 – 17 as if fully set forth herein.

37.     Cumulus made false statements regarding the desired clientele at Punk 'N Drublic to 99 Rock's radio and digital audience.

38.     Cumulus also allowed an employee or manager of its station's official Facebook page to publish to a third party a false statement that SDI had approved the false statements and apologized to Cumulus.

39.     Cumulus made such false statements without reasonable care as to the truth or falsity of such statements.

40.     As a result of Cumulus' statements, SDI suffered damages.

WHEREFORE, Suckin Diesel Inc. respectfully requests this Court enter judgment against Cumulus Media Inc. and award damages and any such other and further relief this Court deems appropriate. Suckin Diesel Inc. expressly reserves the right to demand punitive damages if such damages become applicable.

Dated this 27th day of September, 2016.

Respectfully submitted,

*/s/ Robert A. Andrade*
ROBERT A. ANDRADE
Florida Bar No. 111337
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com
Counsel for Plaintiff

# 99ROCK

Grand Opening Campaign!

## Campaign To Air:
## Last 2 Weeks In April
## First 2 Weeks In May

| | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|
| 6a-9a *The Morning Movement* | | | 1 Commercial | 1 Commercial | 2 Commercials | 2 Commercials |
| 11a-2p *Woofy* | | | 1 Commercial | 1 Commercial | 1 Commercial | |
| 3p – 7p *Kevin McKay* | | | 1 Commercial | 2 Commercials | 2 Commercials | |
| 8p-10p *Nights!* | 2 Commercials | 2 Commercials | 2 Commercials | 2 Commercials | 2 Commercials | 3 Commercials |
| 12a-1a *Late Night* | 1 Commercial | 1 Commercial | 1 Commercial | 1 Commercial | 1 Commercial | 1 Commercial |
| 10a-7p *Weekends* | | | | | | 3 Commercials |

64 – Monthly :15 Second Commercials To Air On 99ROCK

64 – Monthly Digital Commercials To On All 99ROCK Digital Platforms (station apps, iheart radio, streaming)

April Monthly Investment = $679.80

May Monthly Investment = $679.80

Approved By: _____    Date: _4-1-15_

2 Week Cancellation Required Without Penalty

EXHIBIT A

# 99ROCK ON-SITE REMOTE

Let 99ROCK help promote your sale, grand opening or special event with a 99ROCK On-Site Remote!

## Remote Broadcast Includes:

- One 99ROCK On-Air Personality & Promotions Team Member to assist in promoting your event

- 99ROCK Vehicle, Promotional Set-Up and Signage for 2 Hours to draw customers to your location

- Four :60 Breaks On Site & 2 Live "On-Location Now" Breaks from Site and/or Studio

- 15 Live/Recorded Promos (airing 3 days prior)

- Inclusion in at least one 99ROCK Social Media Update



## Investment: $475
### Includes Talent/Tech Fee

Remote Broadcast Date: 5/1   Time: _____

Date: 4-1-15

Total Investment: 475

Advertiser: Punk n Dublic

Signature: _____

Print Name: _____

EXHIBIT

CUMULUS
FORT WALTON BEACH

225 Hollywood Blvd. NW Fort Walton Beach, FL 32548  |  Phone: 850.243.2323  |  Fax: 850.243.6806

## CUSTOMER STATEMENT

### Cumulus-Fort Walton Beach

**April 1, 2015 - May 31, 2015**

Remit To:   Cumulus-Fort Walton Beach

Client:   **Punk 'N Drublic**

3605 Momentum Place

**605 James Lee Road**

Chicago, IL 60689-5336

**Fort Walton Beach, FL  32547**

(850) 243-2323

**Amount Due: $0.00**

Advt#279805

| Amount Paid: |
|---|

Please return the upper portion of statement with your payment

| Transaction Date | Transaction Type | Contract Number | Station | Applied To | Amount | Reference / Check # | Net Due |
|---|---|---|---|---|---|---|---|
| 04/17/15 | PMT | | WKSM-FM | INV 704274 | -522.50 | 716487 | -522.50 |
| 04/17/15 | PMT | | WKSM-FM | INV 704505 | -157.30 | 716487 | -679.80 |
| 04/30/15 | INV704274 | | WKSM-FM | | 522.50 | | -157.30 |
| 05/17/15 | INV704505 | | WKSM-FM | | 646.30 | | 489.00 |
| 05/31/15 | ADJ | | WKSM-FM | INV 704505 | -489.00 | | 0.00 |

| Unapplied | Current | Over 30 | Over 60 | Over 90 | Over 120 | Over 150 | Net Due |
|---|---|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Terms: Due Upon Receipt**

*Advt#279805*

V 4.1

Date Printed 7/8/2015

EXHIBIT A

 CUMULUS FORT WALTON BEACH           99 ROCK

## INVOICE

**PAY THIS AMOUNT: $522.50**

Remit To: 3605 Momentum Place
Chicago, IL 60689-5336

Station:   Cumulus-Fort Walton Beach - WKSM-FM
Phone#: (850) 243-2323

Bill To:   **Punk 'N Drublic**
**605 James Lee Road**

**Fort Walton Beach, FL  32547**

Invoice #: **704274**
Invoice Date: **04/30/15**
Order #: **390648**

Acct Exec: **Melissa Allegretto**
Estimate  #:
Description:

Advt#279805

**Terms: Due on Receipt**

| Day | Date | Time | Len | Line # | Rate | CI | Product |
|-----|------|------|-----|--------|------|----|---------|
| Mon | 04/20/15 | | 0 | 2621762 | $47.50 | A | 54 Digital Spots |
| Mon | 04/20/15 | 12:47AM | 15 | 2621752 | $1.00 | A | grand opening 1 |
| Mon | 04/20/15 | 8:19PM | 15 | 2621751 | $4.00 | B | grand opening 2 |
| Mon | 04/20/15 | 10:18PM | 15 | 2621751 | $4.00 | B | grand opening 3 |
| Tue | 04/21/15 | 12:47AM | 15 | 2621752 | $1.00 | A | grand opening 1 |
| Tue | 04/21/15 | 9:48PM | 15 | 2621751 | $4.00 | B | grand opening 2 |
| Tue | 04/21/15 | 10:51PM | 15 | 2621751 | $4.00 | B | grand opening 3 |
| Wed | 04/22/15 | 12:47AM | 15 | 2621752 | $1.00 | A | grand opening 1 |
| Wed | 04/22/15 | 7:23AM | 15 | 2621750 | $15.00 | B | grand opening 2 |
| Wed | 04/22/15 | 10:18AM | 15 | 2621748 | $20.00 | B | grand opening 3 |
| Wed | 04/22/15 | 6:19PM | 15 | 2621749 | $20.00 | B | grand opening 1 |
| Wed | 04/22/15 | 9:19PM | 15 | 2621751 | $4.00 | B | grand opening 2 |
| Wed | 04/22/15 | 11:50PM | 15 | 2621751 | $4.00 | B | grand opening 3 |
| Thu | 04/23/15 | 12:48AM | 15 | 2621752 | $1.00 | A | grand opening 2 |
| Thu | 04/23/15 | 7:13AM | 15 | 2621750 | $15.00 | B | grand opening 3 |
| Thu | 04/23/15 | 12:20PM | 15 | 2621748 | $20.00 | B | grand opening 1 |
| Thu | 04/23/15 | 3:20PM | 15 | 2621749 | $20.00 | B | grand opening 2 |
| Thu | 04/23/15 | 6:21PM | 15 | 2621749 | $20.00 | B | grand opening 3 |
| Thu | 04/23/15 | 9:21PM | 15 | 2621751 | $4.00 | B | grand opening 1 |
| Thu | 04/23/15 | 10:54PM | 15 | 2621751 | $4.00 | B | grand opening 2 |
| Fri | 04/24/15 | 12:48AM | 15 | 2621752 | $1.00 | A | grand opening 3 |
| Fri | 04/24/15 | 7:22AM | 15 | 2621750 | $15.00 | B | grand opening 1 |
| Fri | 04/24/15 | 7:55AM | 15 | 2621750 | $15.00 | B | grand opening 2 |
| Fri | 04/24/15 | 1:53PM | 15 | 2621748 | $20.00 | B | grand opening 3 |
| Fri | 04/24/15 | 4:49PM | 15 | 2621749 | $20.00 | B | grand opening 1 |
| Fri | 04/24/15 | 5:20PM | 15 | 2621749 | $20.00 | B | grand opening 2 |
| Fri | 04/24/15 | 8:21PM | 15 | 2621751 | $4.00 | B | grand opening 3 |
| Fri | 04/24/15 | 9:22PM | 15 | 2621751 | $4.00 | B | grand opening 1 |
| Sat | 04/25/15 | 12:17AM | 15 | 2621752 | $1.00 | A | grand opening 2 |
| Sat | 04/25/15 | 1:21PM | 15 | 2621753 | $10.00 | B | grand opening 3 |
| Sat | 04/25/15 | 4:48PM | 15 | 2621753 | $10.00 | B | grand opening 1 |

EXHIBIT A

 

## INVOICE

**PAY THIS AMOUNT: $522.50**

Remit To: 3605 Momentum Place

Chicago, IL 60689-5336

Station:   Cumulus-Fort Walton Beach - WKSM-FM

Bill To:   **Punk 'N Drublic**
Phone#: (850) 243-2323

**605 James Lee Road**

**Fort Walton Beach, FL  32547**

Invoice #: **704274**

Invoice   04/30/15
Date:

Order #: **390648**

Acct Exec: **Melissa Allegretto**

Advt#279805

Estimate  #:

**Terms: Due on Receipt**

Description:

| Day | Date | Time | Len | Line # | Rate | CI | Product |
|-----|------|------|-----|--------|------|----|---------|
| Sat | 04/25/15 | 6:48PM | 15 | 2621753 | $10.00 | B | grand opening 2 |
| Sat | 04/25/15 | 8:17PM | 15 | 2621751 | $4.00 | B | grand opening 3 |
| Sat | 04/25/15 | 8:49PM | 15 | 2621751 | $4.00 | B | grand opening 1 |
| Sat | 04/25/15 | 9:48PM | 15 | 2621751 | $4.00 | B | grand opening 2 |
| Sun | 04/26/15 | 12:47AM | 15 | 2621752 | $1.00 | A | grand opening 3 |
| Mon | 04/27/15 | 12:17AM | 15 | 2621752 | $1.00 | A | grand opening 1 |
| Mon | 04/27/15 | 9:19PM | 15 | 2621751 | $4.00 | B | grand opening 2 |
| Mon | 04/27/15 | 10:17PM | 15 | 2621751 | $4.00 | B | grand opening 3 |
| Tue | 04/28/15 | 12:19AM | 15 | 2621752 | $1.00 | A | grand opening 1 |
| Tue | 04/28/15 | 8:51PM | 15 | 2621751 | $4.00 | B | grand opening 2 |
| Tue | 04/28/15 | 9:22PM | 15 | 2621751 | $4.00 | B | grand opening 3 |
| Wed | 04/29/15 | 12:18AM | 15 | 2621752 | $1.00 | A | grand opening 1 |
| Wed | 04/29/15 | 8:22AM | 15 | 2621750 | $15.00 | B | grand opening 2 |
| Wed | 04/29/15 | 1:19PM | 15 | 2621748 | $20.00 | B | grand opening 3 |
| Wed | 04/29/15 | 5:18PM | 15 | 2621749 | $20.00 | B | grand opening 1 |
| Wed | 04/29/15 | 9:20PM | 15 | 2621751 | $4.00 | B | grand opening 2 |
| Wed | 04/29/15 | 10:17PM | 15 | 2621751 | $4.00 | B | grand opening 3 |
| Thu | 04/30/15 | 12:19AM | 15 | 2621752 | $1.00 | A | grand opening 2 |
| Thu | 04/30/15 | 8:12AM | 15 | 2621750 | $15.00 | B | grand opening 3 |
| Thu | 04/30/15 | 11:49AM | 15 | 2621748 | $20.00 | B | grand opening 1 |
| Thu | 04/30/15 | 3:21PM | 15 | 2621749 | $20.00 | B | grand opening 2 |
| Thu | 04/30/15 | 5:17PM | 15 | 2621749 | $20.00 | B | grand opening 3 |
| Thu | 04/30/15 | 10:18PM | 15 | 2621751 | $4.00 | B | grand opening 1 |
| Thu | 04/30/15 | 10:49PM | 15 | 2621751 | $4.00 | B | grand opening 2 |

**Amount Due**      **$522.50**          **Total Spots 54**

**Terms: Due on Receipt**

EXHIBIT A

 CUMULUS
FORT WALTON BEACH

 99 ROCK

## INVOICE

**PAY THIS AMOUNT: $646.30**

Remit To: 3605 Momentum Place
Chicago, IL 60689-5336

Station:   Cumulus-Fort Walton Beach - WKSM-FM

Phone#: (850) 243-2323

Bill To:   **Punk 'N Drublic**
**605 James Lee Road**

**Fort Walton Beach, FL  32547**

**Invoice #: 704505**

**Invoice   05/17/15**
**Date:**

**Order #: 390648**

**Acct Exec: Melissa Allegretto**

Advt#279805

**Estimate  #:**

**Terms: Due on Receipt**

**Description:**

| Day | Date | Time | Len | Line # | Rate | CI | Product |
|-----|------|------|-----|--------|------|-----|---------|
| Fri | 05/01/15 | | 0 | 2621761 | $335.00 | B | Talent Fee Live Broadcast |
| Fri | 05/01/15 | | 0 | 2621763 | $18.30 | A | 23 Digital Spots |
| Fri | 05/01/15 | 12:17AM | 15 | 2621752 | $1.00 | A | grand opening 2 |
| Fri | 05/01/15 | 7:22AM | 15 | 2621750 | $15.00 | B | grand opening 3 |
| Fri | 05/01/15 | 8:22AM | 15 | 2621750 | $15.00 | B | grand opening 1 |
| Fri | 05/01/15 | 2:18PM | 15 | 2621748 | $20.00 | B | grand opening 2 |
| Fri | 05/01/15 | 4:19PM | 15 | 2621749 | $20.00 | B | grand opening 3 |
| Fri | 05/01/15 | 4:20PM | 15 | 2621749 | $20.00 | B | grand opening 1 |
| Fri | 05/01/15 | 8:17PM | 60 | 2621760 | $35.00 | A | REMOTE |
| Fri | 05/01/15 | 8:47PM | 60 | 2621760 | $35.00 | A | REMOTE |
| Fri | 05/01/15 | 9:17PM | 60 | 2621760 | $35.00 | A | REMOTE |
| Fri | 05/01/15 | 9:19PM | 15 | 2621751 | $4.00 | B | grand opening 2 |
| Fri | 05/01/15 | 9:47PM | 60 | 2621760 | $35.00 | A | REMOTE |
| Fri | 05/01/15 | 10:52PM | 15 | 2621751 | $4.00 | B | grand opening 3 |
| Sat | 05/02/15 | 12:17AM | 15 | 2621752 | $1.00 | A | NOW OPEN 1  15 |
| Sat | 05/02/15 | 12:19PM | 15 | 2621753 | $10.00 | B | NOW OPEN 2  15 |
| Sat | 05/02/15 | 1:48PM | 15 | 2621753 | $10.00 | B | NOW OPEN 2  15 |
| Sat | 05/02/15 | 3:18PM | 15 | 2621753 | $10.00 | B | NOW OPEN 2  15 |
| Sat | 05/02/15 | 8:19PM | 15 | 2621751 | $4.00 | B | NOW OPEN 1  15 |
| Sat | 05/02/15 | 9:47PM | 15 | 2621751 | $4.00 | B | NOW OPEN 2  15 |
| Sat | 05/02/15 | 10:19PM | 15 | 2621751 | $4.00 | B | NOW OPEN 1  15 |
| Sun | 05/03/15 | 12:17AM | 15 | 2621752 | $1.00 | A | NOW OPEN 2  15 |
| Mon | 05/04/15 | 12:17AM | 15 | 2621758 | $1.00 | A | NOW OPEN 1  15 |
| Mon | 05/04/15 | 9:47PM | 15 | 2621757 | $4.00 | B | NOW OPEN 2  15 |
| Mon | 05/04/15 | 10:48PM | 15 | 2621757 | $4.00 | B | NOW OPEN 1  15 |
| Tue | 05/05/15 | 12:17AM | 15 | 2621758 | $1.00 | A | NOW OPEN 1  15 |

Amount Due        $646.30

Total Spots 24

Terms: Due on Receipt

EXHIBIT A

**IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA**

SUCKIN' DIESEL INC.

        Plaintiff,

vs.                                       Case No.:

CUMULUS MEDIA INC.

        Defendant.

_____/

## SITUS DESIGNATION FORM

Pursuant to Administrative Directive 2012-04, I hereby certify the situs of this action to be:

☐    (a)  Courthouse – Crestview Situs ("North End") if:
          (1)  The cause of action accrued North of the situs line at Range Road 215 West and Range Road 213 East, or
          (2)  The cause of action did not accrue in Okaloosa County, but at the time the action is filed, all defendants/respondents reside in the North End.

☒    (b)  Okaloosa County Courthouse Annex Extension – Fort Walton Beach Situs ("South End") if:
          (1)  The cause of action accrued South of the situs line at Range Road 215 West and Range Road 213 East, or
          (2)  The cause of action did not accrue in Okaloosa County, but at the time the action is filed, all defendants/respondents reside in the South End.

☐    (c)  Either Courthouse (Crestview) or Okaloosa County Courthouse Annex Extension (Fort Walton Beach) if:
          (1)  The cause of action did not accrue in Okaloosa County, and no defendant/respondent resides in Okaloosa County, or
          (2)  The cause of action did not accrue in Okaloosa County, and the defendants/respondents reside in both the North End and the South End of Okaloosa County.

If Plaintiff/Petitioner not
Represented by attorney:

                                  If Plaintiff/Petitioner represented
by attorney:

_____      */s/ Robert A. Andrade*
Plaintiff/Petitioner's Signature      Attorney's Signature

                                    Robert A. Andrade_____
_____               (Type or print Attorney's name)
(Type or print name)

                                    (850) 434-3541_____
_____               Telephone Number
Telephone Number

**Form 1.997.  CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.  (See instructions for completion.)

| I. | CASE STYLE | **Circuit Court, Okaloosa County, Florida** |
|---|---|---|

Plaintiff:   SUCKIN' DIESEL INC.                    Case #: _____

_____                   Judge:  _____

vs.

Defendant:  CUMULUS MEDIA INC.

_____

**II.    TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.)  If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness $249,999
- ☐ Eminent domain more
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☒ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more

- ☐ Homestead residential foreclosure $0 - $50,000
- ☐ Homestead residential foreclosure $50,001 - $249,999
- ☐ Homestead residential foreclosure $250,000 or more
- ☐ Non-Homestead residential foreclosure $0 - $50,000
- ☐ Non-Homestead residential foreclosure $50,001 - $249,999
- ☐ Non-Homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge – statute or ordinance

| | |
|---|---|
| ☐ Constitutional challenge – proposed amendment | ☐ Libel/Slander |
| ☐ Corporate trusts | ☐ Shareholder derivative action |
| ☐ Discrimination – employment or other | ☐ Securities litigation |
| ☐ Insurance claims | ☐ Trade secrets |
| ☐ Intellectual property | ☐ Trust litigation |

**III.   REMEDIES SOUGHT (check all that apply):**

☒ monetary;

☐ nonmonetary declaratory or injunctive relief;

☐ punitive

**IV.   NUMBER OF CAUSES OF ACTION:  [ 4 ]**

(Specify)      Breach of Contract, Negligence, Gross Negligence, Defamation

**V.   IS THIS CASE A CLASS ACTION LAWSUIT?**

☐ yes

☒ no

**VI.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ no

☐ yes.  If "Yes," list all related cases by name, case number, and court.

**VII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**

☐ yes

☒ no

**I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.**

Signature:   _/s/ Robert A. Andrade_                          Fla. Bar #  111337

**Attorney or Party**                                                    (Bar # if Attorney)

Robert A. Andrade                                                September 27, 2016

(type or print name)                                             Date

FORM 1.997.    INSTRUCTIONS FOR
               ATTORNEYS COMPLETING
               CIVIL COVER SHEET

Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.      Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.      Type of Case.** Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" in the category and subcategory boxes. Definitions of the cases are provided below in the order they appear on the form.

(A)      Condominium - all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.
(B)      Contracts and indebtedness - all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.
(C)      Eminent domain - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.
(D)      Auto negligence - all matters arising out of a party's allegedly negligent operation of a motor vehicle.
(E)      Negligence—other - all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.
(F)      Business governance - all matters relating to the management, administration, or control of a company.
(G)      Business torts - all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.
(H)      Environmental/Toxic tort - all matters relating to claims

that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.
(I)      Third party indemnification - all matters relating to liability transferred to a third party in a financial relationship.
(J)      Construction defect - all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.
(K)      Mass tort - all matters relating to a civil action involving numerous plaintiffs against one or more defendants.
(L)      Negligent security - all matters involving injury to a person or property allegedly resulting from insufficient security.
(M)      Nursing home negligence - all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.
(N)      Premises liability—commercial - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.
(O)      Premises liability—residential - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.
(P)      Products liability - all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
(Q)      Real property/Mortgage foreclosure - all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.
(R) Commercial foreclosure - all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
(S) Homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(T) Nonhomestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(U) Other real property actions - all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(V) Professional malpractice - all professional malpractice lawsuits.

(W) Malpractice—business - all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X) Malpractice—medical - all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y) Malpractice—other professional - all matters relating to negligence of those other than medical or business professionals.

(Z) Other - all civil matters not included in other categories.

(AA) Antitrust/Trade regulation - all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB) Business transactions - all matters relating to actions that affect financial or economic interests.

(AC) Constitutional challenge—statute or ordinance - a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD) Constitutional challenge—proposed amendment - a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.

(AE) Corporate trusts - all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF) Discrimination—employment or other - all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG) Insurance claims - all matters relating to claims filed with an insurance company.

(AH) Intellectual property - all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI) Libel/Slander - all matters relating to written, visual, oral, or aural defamation of character.

(AJ) Shareholder derivative action - all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK) Securities litigation - all matters relating to the financial interest or instruments of a company or corporation.

(AL) Trade secrets - all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM) Trust litigation - all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

---

**III.     Remedies Sought.** Place an "X" in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.

**IV.     Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.

**V.     Class Action.** Place an "X" in the appropriate box.

**VI.     Related Cases.** Place an "X" in the appropriate box.

**VII.     Is Jury Trial Demanded In Complaint?** Check the appropriate box to indicate whether a jury trial is being demanded in the complaint

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet.

# MOORE, HILL & WESTMORELAND, P.A.

### ATTORNEYS AT LAW

LARRY HILL *
CHARLES F. BEALL, JR. *‡+
GEORGE R. MEAD, II
MARGARET T. STOPP
DOUGLAS S. WOODWARD +
DANIEL M. EWERT
KIMBERLY S. SULLIVAN
R. ALEX ANDRADE+

\* Board Certified Civil Trial Lawyer
‡ Board Certified Appellate Lawyer
+ Also Admitted in Alabama

Maritime Place | Suite 100
350 West Cedar Street
Pensacola, Florida 32502

Post Office Box 13290
Pensacola, Florida 32591-3290

Telephone (850) 434-3541
Telefax (850) 435-7899

H. EDWARD MOORE, JR.
RETIRED
————————

J. LOFTON WESTMORELAND
(1946 - 2004)
————————

Internet
http://www.mhw-law.com

Writer's Email Address:
aandrade@mhw-law.com

August 24, 2016

Okaloosa County Clerk
Attention: Circuit Civil Division
1940 Lewis Turner Boulevard, Room 1-300
Fort Walton Beach, FL 32547

   **Re:   *Suckin' Diesel Inc. v. Cumulus Media Inc.***

Dear Sir or Madam:

   In regard to the above-referenced matter, please issue a Summons on the Defendant as follows:

Cumulus Media Inc.
C T Corporation System – Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

   Once the Summons has been issued, please forward it to us for service of process. Thank you for your assistance and if you have any questions, please do not hesitate to contact me.

Yours most cordially,

MOORE, HILL & WESTMORELAND, P.A.

/s/ Robert A. Andrade

Robert A. Andrade

RAA/hbm

# IN THE CIRCUIT/COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT, IN AND FOR OKALOOSA COUNTY, FLORIDA

**SUCKIN DIESEL INC**
Plaintiff(s)

      vs

**CUMULUS MEDIA INC**
Defendant(s)

Case No.: **2016 CA 003483 F**
Division: 002

## Corporate Summons

GREETINGS:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant:

> CUMULUS MEDIA INC
> CT CORPORATION – REGISTERED AGENT
> 1200 SOUTH PINE ISLAND ROAD
> PLANTATION, FL 33324

Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff's attorney, whose name and address is:

> ROBERT ALEXANDER ANDRADE
> C/O MOORE, HILL WESTMORELAND PA
> PO BOX 13290
> PENSACOLA, FL 32591-3290

Within 20 days after service of this summons upon the defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court at the Clerk of Court Operations Center, 601-B N. Pearl St., Crestview, Florida 32536 or the Okaloosa County Courthouse Annex Extension, 1940 Lewis Turner Blvd, Ft. Walton Beach, FL 32547 either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on September 29, 2016.

By: _____

JD PEACOCK II
CLERK OF CIRCUIT COURT AND COMPTROLLER

NANCY MOXCEY , Deputy Clerk

**If you are a person with disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

> **Court Administration, ADA Liaison**
> **Okaloosa County**
> **1940 Lewis Turner Boulevard**
> **Fort Walton Beach, Florida 32547**
> **Phone (850) 609-4700 Fax (850) 651-7725**
> **ADA.Okaloosa@flcourts1.gov**

**At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

# Okaloosa Clerk of Circuit Court
## Okaloosa County Receipt of Transaction
### Receipt # 2016043655

JD Peacock II
Clerk of Court
Okaloosa County, Florida

Created by: kbrown
Cashiered by:  JULIACASH
On: 09/30/2016   9:12 am
Transaction # 1480814

ANDRADE, ROBERT ALEXANDER
PO BOX 13290
PENSACOLA, FL 32591-3290

| CaseNumber  2016 CA 003483 F |
| --- |

**Action:**

**Judge:**  STONE, WILLIAM F

**Received From:**  ANDRADE, ROBERT ALEXANDER
PO BOX 13290
PENSACOLA, FL 32591-3290

**On Behalf Of:**  SUCKIN DIESEL INC
605 JAMES LEE ROAD
PENSACOLA, FL 32547

| Fee Description | Fee | Prior Paid | Due | Paid | Balance |
| --- | --- | --- | --- | --- | --- |
| CIRCUIT CIVIL FILING FEE | 400.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| SUMMONS SERVICE FEE | 10.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total** | **410.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| **Grand Total** | **410.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| PAYMENTS |
| --- |

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| PORTAL | 46997063 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |

Page 1 of 1

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.,                    *
                                        *
    Plaintiff,                   *
                                        *
vs.                                     *         Case No.: 2016-CA-003483
                                        *
CUMULUS MEDIA INC.,                     *
                                        *
    Defendant.                   *

## ANSWER

Defendant Cumulus Media, Inc. Answers Plaintiff's Complaint as follows:

1.      The jurisdictional allegation contained in this paragraph requires no response.  To the extent a response is deemed required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph.

2.      Upon information and belief, admitted.

3.      Admitted.

4.      Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

5.      Defendant admits that it entered into a contract to provide services relating to "Punk 'N Drublic," with said contract speaking for itself.  All allegations in this paragraph not specifically admitted are denied.

6.      Admitted.

7.      The advertisements speak for themselves.

8.      The advertisements speak for themselves.

9.      Denied.

10.      Denied.

11.     Denied.

12.     Denied.

13.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

14.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

15.     Denied.

16.     Denied.

17.     Defendant admits that its representatives engaged in communications concerning commentary regarding hillbillies and the smoke-free location.  All allegations in this paragraph not specifically admitted are denied.

## COUNT I – BREACH OF CONTRACT

18.     Defendant reasserts its responses to paragraphs 1 through 17 above as if fully set forth herein.

19.     Denied.

20.     Denied.

21.     Denied.

Defendant denies that Plaintiff is entitled to the relief sought in Count I.

## COUNT II – NEGLIGENCE

22.     Defendant reasserts its responses to paragraphs 1 through 17 above as if fully set forth herein.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

Defendant denies that Plaintiff is entitled to the relief sought in Count II.

## COUNT III – GROSS NEGLIGENCE

28.     Defendant reasserts its responses to paragraphs 1 through 17 as if fully set forth herein.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

Defendant denies that Plaintiff is entitled to the relief sought in Count III.

## COUNT IV – DEFAMATION

36.     Defendant reasserts its responses to paragraphs 1 through 17 above as if fully set forth herein.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

Defendant denies that Plaintiff is entitled to the relief sought in Count IV.

## ADDITIONAL DEFENSES

1.      Plaintiff's Complaint, and each count therein, fails to state a claim upon which relief can be granted.

2.      Plaintiff lacks standing.

3.      Plaintiff is not the real party in interest.

4.      All statements made by representatives of Defendant concerning "Punk 'N Drublic" were true.

5.      Defendant did not enter into a contract with Plaintiff.

6.      Defendant did not breach any duty, contractual or otherwise, owed to Plaintiff, if any.

7.      Defendant's actions and/or inactions did not proximately cause any damage to Plaintiff.

8.      Plaintiff ratified Defendant's conduct.

9.      Plaintiff's claims are barred by waiver.

10.     Plaintiff's recoverable damages, if any, are limited by the terms of the contract.

Defendant reserves the right to assert additional defenses that may become available during the course of discovery.

*/s/ Paul T. Beckmann*
_____
GEORGE M. WALKER (FL Bar No.: 713041)
PAUL T. BECKMANN (FL Bar No.: 48941)
Attorney for Defendant Cumulus Media, Inc.

OF COUNSEL:

HAND ARENDALL LLC
Post Office Box 123
Mobile, AL  36601

Phone: (251) 432-5511
Fax:    (251) 694-6375
E-MAIL DESIGNATIONS
P/E-mail: pbeckmann@handarendall.com
S/E-mail: avaughn@handarendall.com
S/E-mail: cmccarthy@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516 (b)(1)(A), and secondary e-mail addresses, if provided, to the following on October 24, 2016:

Robert A. Andrade
Moore, Hill & Westmoreland
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, Florida 32591-3290
aandrade@mhw-law.com
hmalone@mhw-law.com



*/s/ Paul T. Beckmann*

3009948_1.docx

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.,                          *
                                              *
    Plaintiff,                             *
                                              *
vs.                                           *          Case No.: 2016-CA-003483
                                              *
CUMULUS MEDIA INC.,                           *
                                              *
    Defendant.                             *

### DESIGNATION OF PRIMARY AND ALTERNATE E-MAIL ADDRESSES

Undersigned counsel for Defendant Cumulus Media, Inc. designates the following e-mail

addresses for service by electronic mail in the above-referenced matter:

            Primary e-mail address:    pbeckmann@handarendall.com
            Alternate e-mail address:  avaughn@handarendall.com
            Alternate e-mail address:  cmcarthy@handarendall.com

Respectfully submitted this 25th day of October, 2016.

                       Respectfully submitted,

                       */s/ Paul T. Beckmann*
                       PAUL T. BECKMANN   (Fla. Bar No. 48941)
                       Attorney for Defendant
                       Cumulus Media, Inc.

OF COUNSEL:
HAND ARENDALL LLC
P. O. Box 123
Mobile, AL 36601
Telephone:  (251) 432-5511
Fax:  (251) 694-6375
Primary:     pbeckmann@handarendall.com
Secondary:   avaughn@handarendall.com
               cmccarthy@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516 (b)(1)(A), and secondary e-mail addresses, if provided, to the following on October 25, 2016:

Robert A. Andrade
Moore, Hill & Westmoreland
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, Florida 32591-3290
aandrade@mhw-law.com
hmalone@mhw-law.com

*/s/ Paul T. Beckmann*

3009948_1.docx

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.

        Plaintiff,

vs.                                                     Case No.: 2016 CA 003483 F

CUMULUS MEDIA INC.

        Defendant.

_____/

### PLAINTIFF, SUCKIN' DIESEL INC.'S, NOTICE OF SERVING
### FIRST INTERROGATORIES TO CUMULUS MEDIA INC.

Plaintiff, Suckin' Diesel Inc., by and through their undersigned counsel, gives Notice that

*Plaintiff, Suckin' Diesel Inc.'s First Interrogatories to Defendant, Cumulus Media Inc.* have been

served upon Defendant's counsel via email on this 29th day of December, 2016.

Respectfully submitted,

/s/ *Robert A. Andrade*_____
ROBERT A. ANDRADE
Florida Bar No. 111337
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

eservice on this 29th day of December, 2016, to:

George M. Walker
Paul T. Beckmann
HAND ARENDALL LLC

Post Office Box 123
Mobile, AL 36601
pbeckmann@handarendall.com
avaughn@handarendall.com
cmccarthy@handarendall.com

/s/ *Robert A. Andrade*
ROBERT A. ANDRADE

**IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA**

SUCKIN' DIESEL INC.

        Plaintiff,

vs.                                                     Case No.: 2016 CA 003483 F

CUMULUS MEDIA INC.

        Defendant.

_____/

**PLAINTIFF, SUCKIN' DIESEL INC'S, FIRST**
**INTERROGATORIES TO DEFENDANT, CUMULUS MEDIA INC.**

     Plaintiff, Suckin' Diesel Inc. ("SDI") by and through its undersigned counsel and in accordance with the Florida Rules of Civil Procedure, propounds the following interrogatories to Defendant Cumulus Media Inc. ("Cumulus") which must be answered in writing, under oath, and within the time prescribed by the aforesaid rules:

**INSTRUCTIONS FOR USE**

     A.     All information is to be divulged which is in the possession of the defendant, its attorneys, investigators, agents, employees, or other representatives of the named entity and its attorneys.

     B.     Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

     C.     A space has been provided on the form of the interrogatories for your answer. The original and one copy are served herewith. Answer the attached interrogatories and serve both the original and copy with typewritten answers upon the propounding party.

     D.     In the event the space provided is not sufficient for your answer to any of the questions, please attach a separate sheet of paper with additional information.

     E.     Each interrogatory shall be answered separately and fully, in writing, unless it is objected to, in which event the reason for objection should be stated in lieu of an answer. The answers are to be signed by the persons making them.

## DEFINITIONS

A.      To "identify a person" or equivalent language means to state his or her name, last known address, telephone number, nature of relationship to the subject of the interrogatory (including dates and times of presence), and if employed, give the job title, position and name and address of his or her employer.

B.      The term "person" or "persons" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity, and includes any other person acting on behalf of a person.

C.      In these interrogatories, the singular form of a word shall also be interpreted in the plural and vice-versa.

D.      In these interrogatories the words "and" as well as the word "or" shall be construed disjunctively as well as conjunctively.

E.      In these interrogatories the words "you" or "your" means CUMULUS MEDIA INC., its attorneys, investigators, agents, employees, or other party acting on their behalf.

F.      In these interrogatories the words, "document" or "documents" means, without limitation, letters, agreements, contracts, press releases, brochures, policy statements, telegrams, interoffice or extra office memoranda, memoranda of telephone calls and conferences, electronic mail, files, notes, reports, compilations of data, photographs, computer files, disks, CD-ROM disks or other tapes or storage facilities, whether encrypted or unencrypted, microfilm, microfiche, or any other type of written, printed, typed, stored or graphic matter, and any mechanical or electrical sound recordings or transcripts thereof pertaining to the subject of which inquiry is made;  "document" or "documents" shall also mean all copies and drafts of any document or documents by whatever means made and in whatever form.

## INTERROGATORIES

1.      What is the name and address of the person or persons answering these interrogatories and state each such person's official position or relationship to Defendant.

**RESPONSE:**

2.      Please describe in detail the basis for your claim in "Additional Defense" number

3 in your Answer.

**RESPONSE:**

3.      Please describe in detail the basis for your claim in "Additional Defense" number 8 in your Answer.

**RESPONSE:**

4.      Please describe your understanding of the business relationship between SDI and Cumulus.

**RESPONSE:**

5.      If you allege there is no business relationship between SDI and Cumulus, please describe your understanding of the documents attached to SDI's Complaint as Exhibit A. In your answer, please identify the following:

      a.   Whether you believe these documents memorialize an agreement between two parties

      b.   The parties to the agreement

      c.   The services or products to be provided as a result of that agreement

**RESPONSE:**

6.      Please describe Cumulus' policy regarding social media pages maintained by the radio stations it owns or operates.

**RESPONSE:**

7.      Please describe Cumulus' policy regarding social media pages maintained by 99Rock WKSM.

**RESPONSE:**

8.      Please describe Cumulus' policy regarding social media pages maintained by 99Rock WKSM in 2013.

**RESPONSE:**

9.  Please list the employees of Cumulus or any of its subsidiaries, who were responsible for sales of advertising or promotional activity on its radio station known as 99Rock in Ft. Walton Beach.

**RESPONSE:**

10.  Please list the employees, radio hosts, personalities or performers who read or performed the "Commercials" aired on behalf of SDI or Punk N Drublic as described in Exhibit A of SDI's Complaint.

**RESPONSE:**

11.  Please describe Cumulus' policy on employees of Cumulus or its subsidiaries making extemporaneous or improvised comments prior or subsequent to the scripts or language approved by advertisers for their commercials.

**RESPONSE:**

12.  Please identify the On-Air Personality or Personalities and Promotions Team Member or Members who assisted in promoting the event described in the documents attached to SDI's Complaint as Exhibit A.

13.  Please identify the employees and agents of Cumulus or Cumulus' subsidiaries that had access or control of the Facebook page entitled 99Rock, also known as @99ROCKWKSM in 2013.

**RESPONSE:**

14.  Please describe Cumulus' policy on recording and maintaining copies of previously aired radio shows on the station known as 99Rock WKSM.

**RESPONSE:**

Cumulus Media Inc.

_____
By:

STATE OF FLORIDA
COUNTY OF _____:

      The foregoing instrument was acknowledged before me this _____ day of _____, 2017, by _____, who is personally known to me or has produced _____, as identification and who did (did not) take an oath.

_____
Notary Public State of _____
Printed Name:_____
Commission Expires:_____

Commission Number:_____

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

Case No. 2016 CA 003483 F

SUCKIN DIESEL INC,
Petitioner/Plaintiff,

v.

CUMULUS MEDIA INC,
Respondent/Defendant.

_____

**ORDER GRANTING MOTION FOR SUBSTITUTION OF COUNSEL**

This cause came before the Court upon the Motion for Substitution of Counsel filed on

behalf of Defendant, Cumulus Media, Inc., and the Court having reviewed the Motion and being

otherwise advised in the premises, it is hereby:

**ORDERED AND ADJUDGED:**

1.      The Motion for Substitution of Counsel is hereby **GRANTED**.

2.      Holland & Knight LLP is hereby substituted as counsel for and in place of Hand

Arendall, LLC, and shall assume full responsibility for the representation of Cumulus Media, Inc., in

this matter from the date of this order forward.

3.      The law firm of Hand Arendall, LLC, is permitted to withdraw and relieved from all

further duties in this matter.

> **Pursuant to Administrative Directive OCAD2016-04,** in cases wherein one party is
> unrepresented (pro se), it is the responsibility of the sole attorney in the case to serve within five business
> days, this order or judgment upon any pro se party who does not have access to nor is a registered user of
> the Florida Courts e-filing Portal.
>
> In cases with one pro se party, the attorney in the case shall have the responsibility to serve the pro se
> plaintiff/petitioner or pro se defendant/respondent copies of any orders received from the courts via the
> Florida Courts e-Filing Portal.  The attorney shall prepare and file a Certificate of Compliance within five
> business days as proof of the attorney's service upon the pro se litigant(s).
>
> In cases wherein both parties are pro se, the Clerk shall have the responsibility to serve copies of any
> orders on the pro se litigant(s), and shall file a Certificate of Compliance as proof of service within five
> business days.

**DONE AND ORDERED**, in Chambers, Okaloosa County, Fort Walton Beach, Florida.

W 7 Stone

eSigned by CIRCUIT COURT JUDGE WILLIAM STONE in 01 JUDGE STONE
on 01/18/2017 14:14:46 j.ig2cQh

Circuit Judge

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
OKALOOSA COUNTY, FLORIDA.

CASE NO.: 2016 CA 003483 F

SUCKIN' DIESEL, INC.

      Plaintiff,

v.

CUMULUS MEDIA, INC.,

      Defendants.

_____/

## DEFENDANT'S MOTION FOR SUBSTITUTION OF COUNSEL

Defendant, Cumulus Media, Inc., pursuant to Rule 2.505(e), Florida Rules of Judicial Administration, hereby requests that this Court enter an Order substituting Timothy J. Conner, Esq. and the law firm of Holland & Knight LLP (collectively, "Holland & Knight"), in lieu of Paul T. Beckmann, Esq. and the law firm of Hand Arendall, LLC (collectively, "Hand Arendall") as counsel for Defendant, and to discharge Hand Arendall from all further responsibility herein. In support hereof, Defendant states:

1.    Defendant is currently represented by Hand Arendall..

2.    Defendant requests that Hand Arendall be allowed to withdraw and be relieved from all further duties in this matter, and that Holland & Knight be substituted as Defendant's counsel.

3.    Defendant's written consent to the requested substitution of counsel is attached to this Motion pursuant to Rule 2.505(e)(2), Florida Rules of Judicial Administration.

4.    None of the parties to this action will be prejudiced as a result of the Court granting the relief requested herein.

WHEREFORE, Cumulus Media, Inc. respectfully requests this Court to enter an Order granting this Motion and substituting Holland & Knight LLP in place of Hand Arendall, LLC as their counsel in this matter.

| **HAND ARENDALL, LLC** | **HOLLAND & KNIGHT LLP** |
|---|---|
| /s/ Paul T. Beckmann<br>Paul T. Beckmann, Esq.<br>Florida Bar No.<br>Post Office Box 123<br>Mobile, AL 36601<br>pbeckmann@handarendall.com<br>avaughn@handarendall.com<br>cmccarthy@handarendall.com<br>Telephone: 251-694-6278<br>Facsimile: 251-544-1689<br>*Attorneys for Defendants* | /s/ Timothy J. Conner<br>Timothy J. Conner, Esq.<br>Florida Bar No. 767580<br>50 North Laura Street, Suite 3900<br>Jacksonville, Florida 32202<br>timothy.conner@hklaw.com<br>Telephone: (904) 353-2000<br>Facsimile: (904) 358-1872<br>*Attorneys for Defendants* |

**Client consent pursuant to Rule 2.505(e)(2),**
**Florida Rules of Judicial Administration**

Cumulus Media, Inc., consents to the substitution of Holland & Knight LLP for Hand Arendall, LLC as its counsel of record in the above-referenced matter.

CUMULUS MEDIA, INC.

By: _____ PETE DESIMONE

Title: _REGIONAL VICE PRESIDENT_

Date: _1-11-17_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished on this 17th day of

January____, 2017 to the following via the e-portal:

ROBERT A. ANDRADE
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com
Counsel for Plaintiff

/s/ Timothy J. Conner_____
Attorney

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
OKALOOSA COUNTY, FLORIDA.

CASE NO.: 2016 CA 003483 F

SUCKIN' DIESEL, INC.

     Plaintiff,

v.

CUMULUS MEDIA, INC.,

     Defendants.

_____/

## ORDER GRANTING MOTION FOR SUBSTITUTION OF COUNSEL

This cause came before the Court upon the Motion for Substitution of Counsel filed on behalf of Defendant, Cumulus Media, Inc., and the Court having reviewed the Motion and being otherwise advised in the premises, it is hereby:

**ORDERED AND ADJUDGED:**

1.    The Motion for Substitution of Counsel is hereby **GRANTED**.

2.    Holland & Knight LLP is hereby substituted as counsel for and in place of Hand Arendall, LLC, and shall assume full responsibility for the representation of Cumulus Media, Inc., in this matter from the date of this order forward.

3.    The law firm of Hand Arendall, LLC, is permitted to withdraw and relieved from all further duties in this matter.

**DONE AND ORDERED** in Chambers this _____ day of _____, 2017.

_____
Circuit Court Judge

Copies to:

Timothy J. Conner, Esq.
Paul T. Beckmann, Esq.
Robert A. Andrade, Esq.

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.

        Plaintiff,

vs.                                                        Case No.: 2016 CA 003483 F

CUMULUS MEDIA INC.

        Defendant.

_____/

### NOTICE OF SERVICE OF RESPONSES TO DEFENDANT'S
### NOTICE OF SERVICE OF FIRST INTERROGATORIES TO PLAINTIFF

Plaintiff, Suckin' Diesel Inc. ("SDI"), by and through their undersigned counsel, gives

Notice that *Responses to Defendant's Notice of Service of First Interrogatories to Plaintiff* has

been served upon Defendant's counsel via email on this 4th day of May, 2017.

Dated this 4th day of May, 2017.

Respectfully submitted,

/s/ *Robert A. Andrade*
ROBERT A. ANDRADE
Florida Bar No. 111337
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

eservice on this _____ day of May, 2017, to:

Timothy J. Conner, Esq.
Jennifer A. Mansfield
**HOLLAND & KNIGHT LLP**
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
timothy.conner@hklaw.com
lynette.mattison@hklaw.com
jennifer.mansfield@hklaw.com
dawn.hewett@hklaw.com

/s/ *Robert A. Andrade*
ROBERT A. ANDRADE

Primary: Jennifer.mansfield@hklaw.com
Secondary: dawn.hewett@hklaw.com
*Attorneys for Defendant Cumulus Media, Inc.*

IN THE CIRCUIT COURT OF THE FIRST
JUDICIAL CIRCUIT, IN AND FOR OKALOOSA
COUNTY, FLORIDA

CASE NO.:  2016 CA 003483 F

SUCKIN' DIESEL INC.,

      Plaintiff,

vs.

CUMULUS MEDIA INC.,

      Defendant.

_____/

## DEFENDANT'S FIRST SET
## OF INTERROGATORIES TO PLAINTIFF

      Defendant, Cumulus Media, Inc. ("Cumulus" or "Defendant"), hereby propounds its First

Set of Interrogatories to Plaintiff, Suckin' Diesel Inc., and requests they be answered in writing,

under oath, and returned to the undersigned counsel in accordance with Rule 1.340, Florida Rules

of Civil Procedure, within thirty (30) days herein.

## INSTRUCTIONS

      If you refuse to answer any interrogatory under a claim of privilege or immunity, please

identify each interrogatory for which the privilege or immunity is claimed, together with all bases

upon which the privilege or immunity is claimed and the person on whose behalf the privilege is

asserted.  Where there is inadequate space to respond, attach an addendum and indicate the

number and subsection of the interrogatory being answered.

## DEFINITIONS

1.     "DOCUMENT(S)" means the original, duplicate or any copy of all written, digital, printed, typed, recorded, graphic or photographic matter, or sound reproduction, including, but not limited to:  All files, books and records, ledgers, cancelled checks, check stubs, invoices, letters, telegrams, internal memoranda, reports, studies, calendars, minutes, pamphlets, notes, charts, tabulations, legal documents, photographs, accounting entries, records of meetings, records of telephone conferences or other communications, tape recordings, microfilms, punch cards, recordings used in data processing and computer tapes and disks together with the written information necessary to understand and use such file and recordings, social media posts, electronic data, and all other data compilations from which the information can be obtained.

2.     The term Documents is further defined to include all notes or notations on such documents and all exhibits or attachments or other materials affixed thereto.

3.     "PERSON(S)" means individuals and all other entities having legal existence, including, but not limited to, corporations, general partnerships, limited partnerships, professional associations, governmental entities or governmental corporations.

4.     "AGREEMENT(S)" means all Agreements, contracts, understandings, or other arrangements between or among two or more Persons regardless of whether written, oral, final, executory, enforceable, superseded, amended or modified by subsequent Agreements.

5.     "RELATING TO" means concerning, pertaining to, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, intending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, demonstrating, describing, analyzing, representing, constituting, or including.

6.     "IDENTIFY" when used in reference to an individual Person, means to state his or her full name, last known address, telephone number (if known), and his or her present employment position and business affiliation.  When used in reference to a Person, other than an individual, the terms Identify means to state whether such Person is a corporation, partnership, or other organization, and its name, present or last known address, and its principal place of business.  Once any Person has been Identified properly, it shall be sufficient thereafter when Identifying the same Person to state the name only.

7.     "IDENTIFY" when used in reference to Documents, means to state the date of its execution or if undated, the date it was prepared, the author (or if different, the signatory or signatories), the addresses, the type of Document, or any means of Identifying it with sufficient particularity to meet the requirements for inclusion in a request for Documents pursuant to Rule 1.350, Florida Rules of Civil Procedure.  If any such Documents were, but are no longer in Your possession or subject to Your control, state what disposition was made of it and the reason for its disposition.

8.     "PLAINTIFF" means Suckin' Diesel Inc., as identified in Plaintiff's Complaint, filed in the above-styled case.

9.     "YOU" or "YOURS" means the Plaintiff, Suckin' Diesel Inc, and, where appropriate, its agents, employees and/or representatives.

10.    "COMPLAINT" means the operative Complaint filed by Plaintiff in the abovestyled action; however, it also means any further amended version pending at the time Defendant Cumulus Media Inc.'s First Set of Interrogatories and First Request for Production of Documents are responded to.

11.    "AND"/"OR" shall be construed conjunctively and disjunctively in each production request in order to request the broadest scope of information possible.

## INTERROGATORIES

1.      Identify all Persons who participated in providing the answers to these interrogatories.  As to any such Person, Identify the interrogatory or interrogatories for which such assistance was provided.

**ANSWER: Chris Beckman and Katherine Beckman**

2.      Identify all Persons, either believed or known by You, Your agents, or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which each Person has knowledge.

**ANSWER:**

**Marcus Degagne, Patron and hired entertainment. Helped to discover the 99 Rock statements made by them on their Facebook page and heard the unauthorized advertisement multiple times personally and outrage from the public.**

**Jaquelyn Maggelet, Patron and parent to Marcus. Witness to customer outrage over unauthorized advertisement**

**Henry Smith, Patron and entertainment. Witnessed from patrons the outrage over unauthorized advertisement**

**Karen Wetherington, Restaurant Manager, witnessed former customer complaints and witnessed complaints and bashing on Facebook regarding unauthorized advertisement (see Karen W. File)**

**Jay Guiao, Restaurant Server, heard unauthorized commercial and witnessed many former customer complaints and witnessed complaints on Facebook**

**Sara Gunsch, Lead Bartender, witnessed customers complaining regarding unauthorized advertisement and saw drastic decline in clientele**

**Blake Stapleton, Patron and Social Media Assistant, helped to operate Facebook Page and witnessed firsthand the outrage via social media. Witnessed 99 rocks Facebook posts and heard the unauthorized commercial**

**Debbi Dunno, Restaurant Patron, witnessed clientele complaints regarding unauthorized commercial**

**William and Laura Avery, Owners of Fokkers Pub, Witnessed community outcry over unauthorized advertisement from patrons in their establishment**

3.      For each and every Request for Admissions, served simultaneously with these interrogatories, that You deny, please explain with particularity the reasons for Your denial.

**ANSWER: Plaintiffs were unable to find a page labelled "Standard Terms and Conditions" to confirm its inclusion in the contract consideration. The contract between the parties consisted of invoices, email directions, verbal communications and order forms, and therefore, Defendant's second request for admission must be denied.**

4.    Please Identify any expert You intend to call as a witness for trial in this action, and for each such Person state:

      a.    His/Her profession or occupation, and the subject matter about which they are expected to testify;

      b.    The title, subject matter, publisher, and the date of publication of any books, papers, or articles authored by him/her within the last ten years on the subjects in his/her field;

      c.    A list of all of their cases in which, during the previous four years, the witness testified as an expert or treating physician at trial or by deposition;

      d.    A statement of any compensation to be paid to the witness;

      e.    Any other qualifications which you contend provides a foundation for the witness to testify with respect to the subject matter of their testimony; and

      f.    A description of any exhibits that will be used to summarize or support the witness's testimony.

**ANSWER: Plaintiffs are currently unaware of any expert they intend to call as a witness.**

5.    Please describe with particularity the exact words You claim to have been false and defamatory, how they were published by Defendant, when they were published, and who published them.

**ANSWER: Plaintiffs were not firsthand witnesses to the comments made by 99 Rock. Plaintiffs were informed by the general public that 99 Rock referred to former customers as "hillbillies" and "smokers," and stated they were not welcome at Punk 'n Drublic. Plaintiffs' 99 Rock representative, Melissa Allegretto, claimed that the statements were made "off the cuff" by a DJ on one occasion, not specifying when, and that it would not happen again. Plaintiffs discovered through witnesses that the statements were recorded and that 99 Rock continued airing the statements on multiple occasions prior to the restaurant opening.**

6.    Please Identify each term, in the Contract alleged to exist in paragraph 19 of the Complaint, which You claim Defendant breached and describe with particularity the facts about how the term(s) were breached.

#50117518_v1

**ANSWER: The parties entered in an agreement to air approved radio ads with specific language. 99Rock aired additional, unapproved language.**

7.      Please describe with particularity the facts for each Count relating to any allegations that Defendant acted with negligence or gross negligence, including but not limited to:

      a.  any alleged legal duty Defendant owed Plaintiff and how that duty arose;

      b.  the standard of care imposed by each legal duty;

      c.  the specific facts about how Defendant allegedly did not conform to the standard of care required by each legal duty; and

      d.  the specific facts relating to how Defendant's actions caused injury or damages to Plaintiff.

**ANSWER: Objection, calls for a legal conclusion, is overly broad and burdensome, and requests information that is privileged.**

8.      Please describe and itemize with particularity all damages You claim to have suffered and are seeking for each Count in Your Complaint, including but not limited to all attorney's fees, costs, fines, fees, or penalties which you claim in this lawsuit, and with respect to each Count, please:

      a.      State how You calculated each particular component of damages;

      b.      Identify all Documents which reflect, support, and/or establish that component of damages;

      c.      Identify all Persons who have knowledge relating to that component of damages, and the basis for their knowledge;

      d.      Identify all statutory provisions, if any, upon which your claim of damages are based; and

      e.      State the total amount of damages sought for each Count and the Complaint as a whole, exclusive of interest and costs.

**ANSWER: See production provided in response to Defendant's First Request for Production.**

9.      Have You, Katherine Beckman, or Christopher Beckman been a party to any lawsuit in the last ten (10) years?  If yes, please provide the style, case number, and court for each lawsuit.

Case 3:17-cv-00699-MCR-CJK   Document 1-3   Filed 09/21/17   Page 52 of 77

**ANSWER: Objection as to relevance. Neither Plaintiff has been arrested for a felony or crime of dishonesty.**

10.     Has anyone other than Defendant paid, in whole or in part, for Your claims in this lawsuit?  If so, please Identify all such payers, the amounts paid, and to whom payment was made.

**ANSWER: No**

## VERIFICATION

I hereby swear or affirm that I have reviewed the above answers to Defendant's First Set of Interrogatories and they are true and correct.

Suckin' Diesel, Inc.

By: _Matherine Beckman_

(Title) _Vice President_

STATE OF FLORIDA

COUNTY OF _Pinellas_

Before me the undersigned authority, on this _4_ day of _May_ 2017, personally appeared _Katherine Beckman_, who is personally known to me/who has produced _FL. D.L._ as identification, to be the person who has read the foregoing answers to interrogatories, knows the contents of and that the same are true and correct; and acknowledged to and before me that he/she executed said answers freely and voluntarily in the capacity and for the purposes set forth and did take an oath.



DAWN DEMARCO
Notary Public - State of Florida
Commission # GG 045839
My Comm. Expires Mar 4, 2021
Bonded through National Notary Assn.

Notary Public
State of Florida at Large
My Commission Number/Expiration Date

7

#50117518_v1

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.

           Plaintiff,

vs.                                         Case No.: 2016 CA 003483 F

CUMULUS MEDIA INC.

           Defendant.

_____/

## RESPONSES TO  DEFENDANT'S
## FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Plaintiff, Suckin' Diesel Inc. ("SDI"), responds to the respective numbered items of

*Defendant's First Request For Admissions To Plaintiff* as follows:

1.      Admit that the document attached hereto as **Exhibit A** is a true and correct copy of the Client Information Sheet, with Standard Terms and Conditions, that are part of the contract referenced in paragraph 5 of the Complaint.

**Admitted that the signature on the client information sheet is the signature of Katherine Beckman. Unable to authenticate the page labelled "Standard Terms and Conditions," therefore denied.**

2.      Admit that the documents attached hereto as **Exhibit B** together form the contract referenced in paragraph 5 of the Complaint.

**Denied that such documents form the sole basis of the contract between the parties. Unable to authenticate the page labelled "Standard Terms and Condition."**

Respectfully submitted,

**/s/ *Robert A. Andrade***
_____
ROBERT A. ANDRADE
Florida Bar No. 111337
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

eservice on this 4th day of May, 2017, to:

Timothy J. Conner, Esq.
Jennifer A. Mansfield
**HOLLAND & KNIGHT LLP**
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
timothy.conner@hklaw.com
lynette.mattison@hklaw.com
jennifer.mansfield@hklaw.com
dawn.hewett@hklaw.com

/s/ *Robert A. Andrade*
ROBERT A. ANDRADE

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.

        Plaintiff,

vs.                                Case No.: 2016 CA 003483 F

CUMULUS MEDIA INC.

        Defendant.

_____/

## RESPONSES TO DEFENDANT'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

     Plaintiff, Suckin' Diesel Inc. ("SDI"), responds to the respective numbered items of

*Defendant's First Request For Production of Documents* as follows:

     1.     All Documents related to the contract referenced in paragraph 5 of the Complaint, including but not limited to the contract itself.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

     2.     All correspondence and communications between You and Defendant between January 1, 2015 and the present, including but not limited to voice mail and social media messages.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

     3.     All materials of any nature You provided to Defendant for preparation of the advertising for Punk 'N Drublic between March and May of 2015.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

     4.     Any and all Documents or recordings of the advertising and live location appearance which You claim caused Plaintiff to be damaged.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

     5.     All Documents, including but not limited to native format electronic data, regarding the Facebook account or page entitled "Hillbillies Against Being Punk in Drublic," described in paragraph 12 of the Complaint.

**RESPONSE: Plaintiff is not in possession of the above described page. Plaintiff will provide all such documents in its possession.**

6.     Copies of Punk 'N Drublic's entire Facebook timeline and other account pages from January 1, 2015 through to the present.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

7.     Copies, including but not limited to native format electronic data, of all posts made on Punk 'N Drublic's Facebook pages from January 1, 2015 through to the present.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

8.     All communications, including but not limited to voice mail messages, emails, social media posts, written correspondence, and text messages, containing or regarding complaints or comments by You or others about the advertising and live location appearance for Punk 'N Drublic in April and May of 2015 described in the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

9.     All Documents relating to lawsuits to which You were or are a party, other than this case.

**RESPONSE: Objection, such documents are irrelevant.**

10.     All Documents relating to Plaintiff demanding or requesting a retraction by Defendant.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

11.     Copies of all written Documents provided by Plaintiff to Defendant reporting any discrepancy, dispute, or disagreement about any broadcast, announcement, program, or other service provided by Defendant to Plaintiff.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

12.     All Documents, except attorney-client or work product protected materials, relating to any notice Plaintiff provided to Defendant pursuant to § 770.01, Florida Statutes.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

13.      All Documents relating to any arrests, convictions and/or detentions by law enforcement agencies or personnel of the principals for Suckin' Diesel Inc. or Punk 'N Drublic from January 1, 2015 to the present, whether in the United States or abroad.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

14.     All Documents relating to Punk 'N Drublic's financial records, ledgers, bank statements, debts, contracts, and business plans.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

15.    All Documents relating to the alleged breach of contract described in Count I of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

16.    All Documents relating to any damages You allege to have incurred because of the alleged breach of contract described in Count I of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

17.    All Documents relating the alleged negligence described in Count II of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

18.    All Documents relating to any damages You allege to have incurred because of the alleged negligence described in Count II of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

19.    All Documents relating to the alleged gross negligence described in Count III of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

20.    All Documents relating to any damages You allege to have incurred because of the alleged gross negligence described in Count III of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

21.    All Documents relating to the alleged defamation described in Count IV of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

22.    All Documents relating to any damages You allege to have incurred because of the alleged defamation described in Count IV of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

23.    All Documents containing any statements by Defendant which You assert are defamatory of Plaintiff.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

24.    All Documents identifying the people who allegedly took offense to the advertisements or live location broadcasts, as described in paragraphs 11, 12, 13, and 17 of the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

25.     All Documents related to the Facebook posts or commentary described in paragraph 17 of the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

26.     All Documents relating to the alleged good will Punk 'N Drublic had before the advertisements or live location broadcasts at issue in the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

27.     All Documents relating to the alleged loss of good will Punk 'N Drublic experienced after the advertisements or live location broadcasts at issue in the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

28.     All Documents relating to the allegations in paragraph 37 of the Complaint, including but not limited to all recordings of broadcasts alleged to be false or defamatory.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

29.     All Documents relating to the allegations in paragraph 38 of the Complaint, including but not limited to copies of all Facebook posts alleged to be false or defamatory.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

30.     All Documents relating to the allegations in paragraph 39 of the Complaint that Cumulus made false statements without reasonable care as to their truth or falsity.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

31.     Photographs and video of the Punk 'N Drublic premises on May 1, 2015.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

32.     Photographs and video of the Punk 'N Drublic premises taken during the period of April-May 2015.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

Dated this 4th day of May, 2017.

Respectfully submitted,

/s/ *Robert A. Andrade*
ROBERT A. ANDRADE
Florida Bar No. 111337
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100

Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

eservice on this 4th day of May, 2017, to:

Timothy J. Conner, Esq.
Jennifer A. Mansfield
**HOLLAND & KNIGHT LLP**
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
timothy.conner@hklaw.com
lynette.mattison@hklaw.com
jennifer.mansfield@hklaw.com
dawn.hewett@hklaw.com

                                        /s/ *Robert A. Andrade*_____
                                        ROBERT A. ANDRADE

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
## IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN DIESEL INC,
      Petitioner/Plaintiff,

v.

Case No. 2016 CA 003483 F

CUMULUS MEDIA INC,
      Respondent/Defendant.

_____/

### FINAL JUDGMENT

**THIS CAUSE** having come before this Court upon Plaintiff's Motion for Final Judgment Based on Default filed herein, and this Court having considered the evidence and being fully advised in the premises, finding it has jurisdiction of the subject matter and over the parties, it is:

**ADJUDGED** that the Plaintiff, CRESTVIEW HOSPITAL CORPORATION DBA NORTH OKALOOSA MEDICAL CENTER, recovers from Defendant, **Byron Williams**, whose address is 373 Crooked Pine Tr, Crestview, FL 32539 and Defendant, **Veronica Williams**, whose address is 373 Crooked Pine Tr, Crestview, FL 32539 the principal sum of $21,699.76, with costs of $644.70, $2,470.95 as pre-judgment interest, $0.00 for attorney's fees, making a Total Sum of **$24,815.41** all of which shall bear interest at the applicable statutory rate, for all of which let execution issue.

**IT IS ADJUDGED FURTHER** that, pursuant to FL.R.Civ.P.1.560(b), the Defendant shall complete, under oath, Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the Plaintiff's Attorney within <u>45</u> days of this Final Judgment. Jurisdiction of this case is retained to enter further Orders that are proper to compel the Defendant to complete the Form 1.977. *The Fact Information Sheet shall not be copied for recording purposes.*

**DONE AND ORDERED** in Chambers in Crestview, Okaloosa County, Florida.

*Jenance R. Ketchl*

eSigned by CIRCUIT COURT JUDGE TERRANCE R KETCHEL in Automatic Signature
on 05/30/2017 16:03:08 mrQaaLoq

Circuit Judge

**In cases wherein one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this order or judgment upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-filing Portal.**

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN DIESEL, INC.,
     Platintiff,

vs.                                        CASE NO 2016 3483

CUMULUS MEDIA, INC.,
     Defendant.

_____/

### ORDER SETTING ASIDE ORDER APPOINTING ATTORNEY AD LITEM

      THIS CAUSE came on the Court's Own Motion to Set Aside this Court's Order of Final Judgment signed on May 30, 2017 and docketed on May 30, 2017, which was inadvertently signed with the wrong style of the case and wrong case number. The Court being fully advised in the premises, it is hereby

      ORDERED AND ADJUDGED that the Final Judgment entered and docketed in this case on May 30, 2017 is hereby set aside.

      DONE AND ORDERED at Fort Walton Beach, Okaloosa County, Florida.

_Jerrance R. Ketchel_

eSigned by CIRCUIT COURT JUDGE TERRANCE R KETCHEL in Automatic Signature
on 06/23/2017 12:54:43 02PV2om

**TERRANCE R. KETCHEL**
**CIRCUIT JUDGE**

*IN CASES WHEREIN ONE PARTY IS UNREPRESENTED (PRO SE), IT IS THE RESPONSIBILITY OF THE SOLE ATTORNEY IN THE CASE TO SERVE WITHIN FIVE BUSINESS DAYS THIS ORDER UPON ANY PRO SE PARTY WHO DOES NOT HAVE ACCESS TO NOR IS A REGISTERED USER OF THE FLORIDA COURTS E-FILING PORTAL.*

IN THE CIRCUIT COURT OF THE FIRST
JUDICIAL CIRCUIT, IN AND FOR
OKALOOSA COUNTY, FLORIDA

CASE NO.:  2016 CA 003483 F

SUCKIN' DIESEL INC.,

      Plaintiff,

vs.

CUMULUS MEDIA INC.,

      Defendant.

_____/

## **NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES**

     NOTICE IS HEREBY GIVEN that Jennifer A. Mansfield, Esq., with the law firm of Holland & Knight LLP, enters an appearance as additional counsel of record on behalf of Defendant, Cumulus Media, Inc., in the above-styled case, and request that all further pleadings, documentation or notices filed shall be provided to the undersigned counsel.

     Pursuant to Fla. R. Civ. P. 1.080 and Fla. R. Jud. Admin. 2.516, undersigned counsel's designation of her primary and secondary e-mail addresses for service of Court papers are:

| | |
|---|---|
| Primary Email: | jennifer.mansfield@hklaw.com |
| Secondary Email: | dawn.hewett@hklaw.com |

Dated: June 29, 2017

                           **HOLLAND & KNIGHT LLP**

                           _/s/ Jennifer A. Mansfield_____
                           Timothy J. Conner
                           Florida Bar No. 767580
                           timothy.conner@hklaw.com
                           Jennifer A. Mansfield
                           Florida Bar No. 0186724
                           jennifer.mansfield@hklaw.com

50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
Secondary:  lynette.mattison@hklaw.com
                      dawn.hewett@hklaw.com
Telephone: (904) 353-2000
Facsimile:  (904) 358-1872
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by electronic mail this 29th day of June, 2017 to:

Robert A. Andrade
MOORE, HILL &WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com
*Counsel for Plaintiff*

    /s Jennifer A. Mansfield
Attorney

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
IN AND FOR OKALOOSA COUNTY, FLORIDA**

SUCKIN DIESEL, INC.
     Plaintiff,

vs.                                     CASE NO. 2016 CA 3483

CUMULUS MEDIA, INC.,
     Defendant.
_____/

### ORDER SETTING ASIDE ORDER OF FINAL JUDGMENT AND
### ORDER VACATING ORDER APPOINTING ATTORNEY AD LITEM

     THIS CAUSE came on the Court's Own Motion to Set Aside this Court's Order of Final Judgment signed on May 30, 2017 and docketed on May 30, 2017, which was inadvertently signed with the wrong style of case and wrong case number and also Vacating the Order Appointing Attorney Ad Litem, entered on June 23, 2017. The Court being fully advised in the premises, it is hereby

     ORDERED AND ADJUDGED that the Final Judgment entered and docketed in this case on May 30, 2017, is hereby set aside and the Order Appointing Attorney Ad Litem entered on June 23, 2017 is Vacated.

     DONE AND ORDERED at Fort Walton Beach, Okaloosa County, Florida.

_Terrance R. Ketchel_

eSigned by CIRCUIT COURT JUDGE TERRANCE R KETCHEL in Automatic Signature
on 06/30/2017 11:22:42 gcoBuygl

Circuit Judge

**In cases wherein one party is unrepresented (_pro se_), it is the responsibility of the sole attorney in the case to serve within five business days this order or judgment upon any _pro se_ party who does not have access to nor is a registered user of the Florida Courts e-filing Portal.**

Filing # 58509520 E-Filed 06/30/2017 02:51:55 PM

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
## IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN DIESEL, INC.
        Plaintiff,

vs.                                                          CASE NO. 2016 CA 3483

CUMULUS MEDIA, INC.,
        Defendant.

_____/

### ORDER SETTING ASIDE ORDER OF FINAL JUDGMENT AND
### ORDER VACATING ORDER APPOINTING ATTORNEY AD LITEM

THIS CAUSE came on the Court's Own Motion to Set Aside this Court's Order of Final
Judgment signed on May 30, 2017 and docketed on May 30, 2017,  which was inadvertently signed
with the wrong style of case and wrong case number and also Vacating the Order Appointing
Attorney Ad Litem, entered on June 23, 2017.  The Court being fully advised in the premises, it is
hereby

ORDERED AND ADJUDGED that the Final Judgment entered and docketed in this case
on May 30, 2017, is hereby  set aside and the Order Appointing Attorney Ad Litem entered on June
23, 2017 is Vacated.

DONE AND ORDERED at Fort Walton Beach, Okaloosa County, Florida.


*Terrance R. Ketchel*

eSigned by CIRCUIT COURT JUDGE TERRANCE R KETCHEL in Automatic Signature
on 06/30/2017 11:22:42 gcoBuygl

Circuit Judge


**In cases wherein one party is unrepresented (*pro se*), it is the responsibility of the sole
attorney in the case to serve within five business days this order or judgment upon any *pro
se* party who does not have access to nor is a registered user of the Florida Courts e-filing
Portal.**

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.

       Plaintiff,

vs.                                    Case No.: 2016 CA 003483 F

CUMULUS MEDIA INC.

       Defendant.

_____/

### NOTICE OF TAKING DEPOSITION OF KEVIN MCKAY

PLEASE TAKE NOTICE that Plaintiff, Suckin' Diesel. Inc. ("SDI"), by their counsel, will conduct a deposition upon oral examination of KEVIN MCKAY at:

**PLACE:**      Moore, Hill & Westmoreland, P.A.
                    350 West Cedar Street, Suite 100
                    Pensacola, Florida  32502

**DATE:**       Thursday, August 10, 2017

**TIME:**       Beginning at 8:30 a.m. and continuing until complete.

The deposition will be taken for purposes of discovery or use at trial or under FLA. R. CIV. P. 1.390, and all other purposes and uses authorized by law.  A duly certified court reporter will record the deposition by stenographic means.  All parties are invited to attend and examine.

*In accordance with the Americans with Disabilities Act, persons with a disability who need a special accommodation to participate in this proceeding shall contact the undersigned attorney not later than seven (7) days prior to the proceeding to ensure the reasonable accommodations are available.*

Dated this 20th day of July, 2017.

                    Respectfully submitted,

                    **/s/ Robert A. Andrade**_____

ROBERT A. ANDRADE
Florida Bar No. 111337
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

eservice on this 20th day of July, 2017, to:

Timothy J. Conner, Esq.
Jennifer A. Mansfield
**HOLLAND & KNIGHT LLP**
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
timothy.conner@hklaw.com
lynette.mattison@hklaw.com
jennifer.mansfield@hklaw.com
dawn.hewett@hklaw.com

cc:    Wierzbicki Court Reporting Service scheduling@pensacolacourtreporting.com


                                        /s/ *Robert A. Andrade*_____
                                        ROBERT A. ANDRADE

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.

        Plaintiff,

vs.                                Case No.: 2016 CA 003483 F

CUMULUS MEDIA INC.

        Defendant.

_____/

### NOTICE OF TAKING DEPOSITION OF MELISSA ALLEGRETTO

PLEASE TAKE NOTICE that Plaintiff, Suckin' Diesel. Inc. ("SDI"), by their counsel, will conduct a deposition upon oral examination of MELISSA ALLEGRETTO at:

| | |
|---|---|
| **PLACE:** | Moore, Hill & Westmoreland, P.A. |
| | 350 West Cedar Street, Suite 100 |
| | Pensacola, Florida 32502 |
| **DATE:** | Thursday, August 10, 2017 |
| **TIME:** | Beginning at 1:30 p.m. and continuing until complete. |

The deposition will be taken for purposes of discovery or use at trial or under FLA. R. CIV. P. 1.390, and all other purposes and uses authorized by law. A duly certified court reporter will record the deposition by stenographic means. All parties are invited to attend and examine.

*In accordance with the Americans with Disabilities Act, persons with a disability who need a special accommodation to participate in this proceeding shall contact the undersigned attorney not later than seven (7) days prior to the proceeding to ensure the reasonable accommodations are available.*

Dated this 20th day of July, 2017.

                               Respectfully submitted,

                               **/s/ Robert A. Andrade**

ROBERT A. ANDRADE
Florida Bar No. 111337
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

eservice on this 20th day of July, 2017, to:

Timothy J. Conner, Esq.
Jennifer A. Mansfield
**HOLLAND & KNIGHT LLP**
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
timothy.conner@hklaw.com
lynette.mattison@hklaw.com
jennifer.mansfield@hklaw.com
dawn.hewett@hklaw.com

cc:      Wierzbicki Court Reporting Service scheduling@pensacolacourtreporting.com


                              /s/ *Robert A. Andrade*_____
                              ROBERT A. ANDRADE

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.

        Plaintiff,

vs.                                    Case No.: 2016 CA 003483 F

CUMULUS MEDIA INC.

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT CUMULUS MEDIA INC.

Plaintiff, Suckin' Diesel, Inc. ("SDI"), by and through undersigned attorneys, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests Defendant to produce, for the purposes of inspection and photocopying, the documents listed below. The Defendant is requested to produce these documents to the undersigned at the offices of Moore, Hill & Westmoreland, P.A., 350 West Cedar Street, Suite 100, Pensacola, Florida 32502, within thirty (30) days of the date of service.

### Definitions

For purposes of this request, "document" or "documents" means, without limitation, letters, agreements, contracts, press releases, brochures, policy statements, telegrams, interoffice or extra office memoranda, memoranda of telephone calls and conferences, electronic mail, files, notes, reports, compilations of data, photographs, computer files, disks, CD-ROM disks or other tapes or storage facilities, whether encrypted or unencrypted, microfilm, microfiche, or any other type of written, printed, typed, stored or graphic matter, cellular phone text message, and any mechanical or electrical sound recordings or transcripts thereof pertaining to the subject of which inquiry is made; "document" or "documents" shall also mean all copies and drafts of any document or documents by whatever means made and in whatever form.

Further, for purposes of this request, "you" and/or "your" means Cumulus Media Inc, its agents, representatives, employees, and any and all other persons acting on its behalf, including all representatives of the radio station commonly known as 99 Rock or 99 Rock WKSM.

Please produce the following documents within the time specified above:

1.      Documents relating to any agreement between you and Christopher or Katherine Beckman, or any other representative of SDI, individually and as representatives of any business entity.

**RESPONSE:**

2.      Any and all e-mail messages sent or received regarding Punk'N Drublic, SDI, or Chris and Kate Beckman, including emails in which you are a cc or bcc.

**RESPONSE:**

3.      Any and all social media messages sent or received by social media profiles maintained by 99 Rock and/or Cumulus Media and its affiliates, whether they bear an entity's name or not in any way regarding Punk'N Drublic, SDI or Christopher and Katherine Beckman.

**RESPONSE:**

4.      Any and all text messages sent to or received by any agent of 99 Rock and/or Cumulus Media Inc. and its affiliates, related in any way to Punk'N Drublic, SDI or Christopher and Katherine Beckman.

**RESPONSE:**

5.      Any and all copies of proposed radio advertisements for SDI or Punk N' Drublic or materials used to produce same.

**RESPONSE:**

6.      Any and all social media policies and procedures maintained or created by Cumulus Media Inc. that were provided to any employee or agent assigned to 99 Rock.

**RESPONSE:**

7.      All correspondence received by you from Christopher or Katherine Beckman, or

2

any other representative of SDI, including SDI's attorneys or agents.

**RESPONSE:**


/s/Robert A. Andrade
**ROBERT A. ANDRADE**
Florida Bar No. 111337
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
emead@mhw-law.com
aandrade@mhw-law.com
hmalone@mhw-law.com
*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by eservice on this 1st day of September, 2017, to:

Timothy J. Conner, Esq.
Jennifer A. Mansfield
**HOLLAND & KNIGHT LLP**
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
timothy.conner@hklaw.com
lynette.mattison@hklaw.com
jennifer.mansfield@hklaw.com
dawn.hewett@hklaw.com


/s/ *Robert A. Andrade*
**ROBERT A. ANDRADE**

3

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

SUCKIN' DIESEL INC.

        Plaintiff,

vs.                                      Case No.: 2016 CA 003483 F

CUMULUS MEDIA INC.

        Defendant.

_____/

## AMENDED RESPONSES TO  DEFENDANT'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Suckin' Diesel Inc. ("SDI"), responds to the respective numbered items of

*Defendant's First Request For Production of Documents* as follows:

1.      All Documents related to the contract referenced in paragraph 5 of the Complaint, including but not limited to the contract itself.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

2.      All correspondence and communications between You and Defendant between January 1, 2015 and the present, including but not limited to voice mail and social media messages.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

3.      All materials of any nature You provided to Defendant for preparation of the advertising for Punk 'N Drublic between March and May of 2015.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

4.      Any and all Documents or recordings of the advertising and live location appearance which You claim caused Plaintiff to be damaged.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

5.      All Documents, including but not limited to native format electronic data, regarding the Facebook account or page entitled "Hillbillies Against Being Punk in Drublic," described in paragraph 12 of the Complaint.

**RESPONSE: Plaintiff is not in possession of the above described page. Plaintiff will provide all such documents in its possession.**

6.      Copies of Punk 'N Drublic's entire Facebook timeline and other account pages from January 1, 2015 through to the present.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

7.      Copies, including but not limited to native format electronic data, of all posts made on Punk 'N Drublic's Facebook pages from January 1, 2015 through to the present.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

8.      All communications, including but not limited to voice mail messages, emails, social media posts, written correspondence, and text messages, containing or regarding complaints or comments by You or others about the advertising and live location appearance for Punk 'N Drublic in April and May of 2015 described in the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

9.      All Documents relating to lawsuits to which You were or are a party, other than this case.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

10.      All Documents relating to Plaintiff demanding or requesting a retraction by Defendant.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

11.      Copies of all written Documents provided by Plaintiff to Defendant reporting any discrepancy, dispute, or disagreement about any broadcast, announcement, program, or other service provided by Defendant to Plaintiff.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

12.      All Documents, except attorney-client or work product protected materials, relating to any notice Plaintiff provided to Defendant pursuant to § 770.01, Florida Statutes.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

13.      All Documents relating to any arrests, convictions and/or detentions by law enforcement agencies or personnel of the principals for Suckin' Diesel Inc. or Punk 'N Drublic from January 1, 2015 to the present, whether in the United States or abroad.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

14.      All Documents relating to Punk 'N Drublic's financial records, ledgers, bank statements, debts, contracts, and business plans.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

15.     All Documents relating to the alleged breach of contract described in Count I of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

16.     All Documents relating to any damages You allege to have incurred because of the alleged breach of contract described in Count I of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

17.     All Documents relating the alleged negligence described in Count II of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

18.     All Documents relating to any damages You allege to have incurred because of the alleged negligence described in Count II of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

19.     All Documents relating to the alleged gross negligence described in Count III of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

20.     All Documents relating to any damages You allege to have incurred because of the alleged gross negligence described in Count III of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

21.     All Documents relating to the alleged defamation described in Count IV of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

22.     All Documents relating to any damages You allege to have incurred because of the alleged defamation described in Count IV of Your Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

23.     All Documents containing any statements by Defendant which You assert are defamatory of Plaintiff.

**RESPONSE: Plaintiff will provide all such documents in its possession. Plaintiff is not in possession of such documents created and controlled by Defendant.**

24.     All Documents identifying the people who allegedly took offense to the advertisements or live location broadcasts, as described in paragraphs 11, 12, 13, and 17 of the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

25.    All Documents related to the Facebook posts or commentary described in paragraph 17 of the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

26.    All Documents relating to the alleged good will Punk 'N Drublic had before the advertisements or live location broadcasts at issue in the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

27.    All Documents relating to the alleged loss of good will Punk 'N Drublic experienced after the advertisements or live location broadcasts at issue in the Complaint.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

28.    All Documents relating to the allegations in paragraph 37 of the Complaint, including but not limited to all recordings of broadcasts alleged to be false or defamatory.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

29.    All Documents relating to the allegations in paragraph 38 of the Complaint, including but not limited to copies of all Facebook posts alleged to be false or defamatory.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

30.    All Documents relating to the allegations in paragraph 39 of the Complaint that Cumulus made false statements without reasonable care as to their truth or falsity.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

31.    Photographs and video of the Punk 'N Drublic premises on May 1, 2015.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

32.    Photographs and video of the Punk 'N Drublic premises taken during the period of April-May 2015.

**RESPONSE: Plaintiff will provide all such documents in its possession.**

Dated this 6th day of September, 2017.


Respectfully submitted,

*/s/* ***Robert A. Andrade***
ROBERT A. ANDRADE
Florida Bar No. 111337

MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
aandrade@mhw-law.com
hmalone@mhw-law.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by eservice on this 6th day of September, 2017, to:

Timothy J. Conner, Esq.
Jennifer A. Mansfield
**HOLLAND & KNIGHT LLP**
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
timothy.conner@hklaw.com
lynette.mattison@hklaw.com
jennifer.mansfield@hklaw.com
dawn.hewett@hklaw.com

/s/ *Robert A. Andrade*
ROBERT A. ANDRADE